MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. F.
POOLE.

No. 2112. Decided January 4, 1911.

**1.—Negligence—Pleading.**

In an action for injuries to an employee in derailment of a train, an allegation that defendant was negligent "in the manner and way the engine tender and cars were being operated" was insufficient to authorize the submission of the issue of negligence in the issue of orders permitting the train to be operated at a speed of ten miles per hour over a new, soft and defective track. (Pp. 37, 38.)

**2.—Same—Employer's Liability Act.**

Under the Employer's Liability Act (Act of June 11, 1906, Cong. of U. S.) making a railway liable for injury to a servant by negligence of a fellow servant, negligence is still necessary to a recovery and must be alleged in accordance with the rules of pleading. (P. 39.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Poole sued the railway company and recovered judgment. It was affirmed on appeal by defendant, who then obtained writ of error.

*Coke, Miller & Coke* and *Head, Dillard, Smith & Head,* for plaintiff in error.

*Wolfe, Hare & Maxey,* for defendant in error.—General allegations of negligence are sufficient in the absence of special exceptions. Ellis v. Howard Smith Co., 35 Texas Civ. App., 566.

On August 8, 1907, when plaintiff was injured the Act of Congress known as "The Employers' Liability Act," approved June 11, 1906, was in force in the Indian Territory, and by virtue thereof defendant was liable to injuries sustained by plaintiff on account of the negligence of the fellow servants of plaintiff. Gutierrez v. Railway Co., 102 Texas, 378.

MR. JUSTICE BROWN delivered the opinion of the court.

We adopt the following statement of the case by the Court of Civil Appeals:

"Appellee brought this suit against appellant to recover damages for personal injuries received by him in the derailment of an engine and train upon which he was at work for appellant. The defenses relied on were the negligence of a fellow servant in running the train at too high rate of speed, and the assumption of risk by appellee on account of notice that the railroad track was new and rough. A jury trial resulted in a verdict and judgment in favor of appellee for the sum of $5,750.00, and appellant appealed.

"The evidence warrants the following conclusions of fact: On the 8th day of August, 1907, appellee was in the employ of appellant as a locomotive fireman and on said date, while at work as such fireman upon a work train a short distance south of Durant, Indian Territory, now the State of Oklahoma, a derailment of a portion of said train and the engine propelling it occurred, and the appellee was seriously

and permanently injured thereby. A. K. Hunt was the conductor of the train and J. F. Mann was the engineer in charge of the engine. At the time the wreck occurred the engine was running backwards, with the tender in front, and drawing the cars attached thereto after it. The railroad track over which the train was passing at the time the accident happened, was new and rough, with several soft places and sags in it, and one unusual depression, described by the witness as a 'big sag,' which in his opinion caused the wreck, and the conductor and engineer in charge of said train had orders from appellant to reduce the speed thereof to ten miles per hour, while being run over said track. The testimony as to the speed of the train, when derailed, varies. Some of the witnesses say it was running about, and not exceeding, ten miles per hour, while others say it was being run at from twenty-five to thirty miles per hour. Appellee, by having formerly passed over the track on his engine in the discharge of his duties as fireman, knew the same was new, irregular and rough, and that there were such sags and soft places in it as are ordinarily found in a new track, but he had no knowledge of the unusually soft and deep depression referred to by the witness as the 'big sag,' or of any other sag or depression in the track, nor did he know that it was dangerous to run the train over the track at a speed of ten miles an hour. The derailment of the engine and consequent injury to appellee was due, as the proximate result thereof, to the negligence of appellant in permitting the unusual depression, or sag, to be and remain in its track, and not to the usual and ordinary irregularities in a new track; or to the combined or concurring negligence in having the said unusual depression in the track, and the operation of the train by the engineer at too rapid rate of speed; or to the operation of the train by appellee's fellow servant, the engineer, at a rate of speed exceeding ten miles per hour alone; or to the operation of the train with the tender in front of the engine and the concurring negligence of the unusual condition of the track. Appellee did not assume the risk of the danger that caused the wreck and sustained damages by reason thereof in the amount awarded by the verdict of the jury."

The plaintiff in error's first assignment of error in this court reads as follows:

"The court erred in giving the seventh paragraph of the main charge to the jury, which is as follows:

" 'Now bearing in mind the foregoing instructions, if you believe from the evidence that on the occasion in question the said train upon which plaintiff was working as fireman was being operated at a rate of speed not in excess of ten miles per hour and if you further believe from the evidence that by reason of the condition of the track at said place or by reason of the condition of the track, coupled with the manner in which the engine and tender were being operated at said time, the said train or a portion thereof was caused to be derailed and plaintiff thereby injured, and if you further believe from the evidence that defendant was guilty of negligence as that term has been hereinbefore defined to you in directing its trains to be run over said track at as great a rate of speed as ten miles per hour, and you further believe from the evidence that such negligence, if any, was the

proximate cause of plaintiff's injuries; or, of you believe from the evidence that said train at the time of its derailment was being run at a greater rate of speed than ten miles per hour, and you further believe from the evidence that such rate of speed was not the sole proximate cause of the derailment of the train, but you believe from the evidence that said train was derailed by reason of said rate of speed combined with the condition you find the track was in at said time and place, and if you further believe from the evidence that defendant was guilty of negligence in having and maintaining said track in the condition you find it to have been in at the time of the derailment of said train, and if you further believe from the evidence that such negligence, if any, combined with the speed of the train was the direct and proximate cause of plaintiff's injuries, then in either of these events you will find for plaintiff and assess his damages as hereinafter directed, unless you should find for the defendant under other instructions given you.' "

Pleadings are intended to inform the opposite party of the cause of action or the ground of defense relied upon. Lemmon v. Hanley, 28 Texas, 220; Ware v. Shafer & Braden, 88 Texas, 44.

In order to test the sufficiency of the pleadings in this case it is proper that we should look at the allegations of the petition from the standpoint of the defendant's counsel. Considering the allegations from that point of view we find that the only language which would justify the charge of the court is: "That plaintiff's injuries were brought about by the negligence of the defendant in that, the engine and train on which he was working was old, worn, out of repair and unsuited for the purposes for which it was being used. Also in the manner and way the engine, tender and cars were being operated." Reliance is placed upon the language, "the manner and way the engine, tender and cars were being operated," to support the submission of the issue of negligence of the railroad company in permitting the train to be run at that place at a speed of ten miles per hour. The words, "manner and way," import either the speed of the train or something connected with the management and operation of it, especially is this true when we consider in connection with that language the words, "were being operated," which necessarily refer to that which was being done by employees with the engine and cars at the time of the accident and could not possibly suggest to opposing counsel that it was intended to charge the railroad company with negligence in prescribing a speed too great for the condition of the road at that particular point. We are of the opinion that the court committed error in submitting to the jury the issue of the defendants' negligence in issuing the order allowing trains to be run at the rate of ten miles per hour at that particular point.

In the case of Ware v. Shafer & Braden, above cited, the action was for damages received by coming in contact with obstructions on a sidewalk in the city of San Antonio. The allegations in the petition were in substance as follows: "That heretofore, to wit, on the 19th day of November, 1891, said defendants unlawfully, carelessly and negligently placed over, upon, and across a certain sidewalk in the city of San Antonio two pieces of timber about two inches in

thickness, and one plank about 12 inches in width, about six feet in length, and about one inch in thickness, and then and there left the same upon and across· the said pavement, and then and there and thereby leaving upon and across the said sidewalk, at the place aforesaid, a dangerous and unlawful obstruction of about the heighth of three inches." . In passing upon a similar question raised in that case this court said: "Judged in this way, (that is, from the standpoint of the attorney), we do not think that the plaintiff's allegations would notify the defendants that the plaintiff would rely upon the fact that they had placed the obstruction upon the street without authority from the city, and therefore that they would be required to establish that they had such permission. . . . There is nothing in the petition that would be out of place in a suit upon the ground of negligence in the manner of placing an authorized obstruction there and negligently failing to guard against injuring persons who might not know of its existence." There is nothing in the allegations under consideration in this case that would be inconsistent with the fact that the train was being operated backward for the proof showed that it was or that it might have been operated in an improper way otherwise without the knowledge or consent of the railroad company. In other words, the gist of the plaintiff's action upon that particular ground is that the railroad company is responsible because it permitted its servants engaged in the operation of its cars to run at a dangerous rate of speed. If the plaintiff desired to make the railroad company responsible for the acts of its managing officers in permitting or directing the improper operation of the cars, it should have so alleged the facts, because otherwise the company would not be called upon to prepare its evidence to .show that no such authority was given or· to meet the issue in any other way that it might be able to do by producing evidence in explanation or in contradiction thereto. We are of opinion that the charge given by the court was error and that it necessitates the reversal of this judgment.

It is suggested by the defendant in error that the error of the court is immaterial under the Employer's Liability Act, passed by Congress of the United States, but we are unable to see how that renders this error immaterial, for under that law the right of action must be based upon the negligence of the defendant and without that negligence shown by the testimony no right of action could exist in favor of the plaintiff under either the statute referred to or the statutes of this State. It is therefore ordered that the judgment be reversed and the cause be remanded for another trial.

*Reversed and remanded.*