Thelma D. PARR, Appellant,

v.

John J. PICHINSON, Appellee.

No. 14094.

Court of Civil Appeals of Texas.

San Antonio.

July 24, 1963.

Rehearing Denied Sept. 4, 1963.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellant.

Butler & Stone, Robstown, for appellees.

POPE, Justice.

Plaintiff, John J. Pichinson, sued Thelma D. Parr, and she, individually and as trustee for her daughter, cross-acted. The trial concerned many actions between the parties, but this appeal by Thelma D. Parr, individually, brings forward only the question of fraudulent concealment by cross-defendant, Pichinson. The jury absolved him of fraud on all issues submitted, but appellant insists that there was fraudulent concealment as a matter of law. The trial court apparently did not consider fraudulent concealment within the pleadings and theories upon which the case was tried, and overruled appellant Parr's motion for judgment notwithstanding the verdict.

Whether fraudulent concealment was within the pleadings and theory of the trial requires us to examine the record. The cause went to trial on December 4, 1961. Cross-plaintiff, Parr, asserted in the pleadings upon which she went to trial, that Pichinson had been her attorney from 1952 to 1959 and received an annual retainer, and certain specific fees. She alleged "that in addition thereto," he and she had dealt in the oil and gas business, that she had paid him large sums of money for investments, and that he had kept her records. She stated that he had omitted certain credits in her favor and had concealed them from her. She asked for an accounting.

Mrs. Parr then alleged the facts with respect to certain oil and gas trades, in each of which she paid sums of money to buy an interest in an oil and gas lease. In the pleadings upon which she went to trial, she asserted facts with respect to leases which are called the Holden-English lease, and the Watkins Estate lease. On January 16, 1962, the case still being on trial, she filed her first trial amendment and asserted additional but similar facts with respect to the Bidwell-Davis lease, the Messer-Davis lease, the Senon Flores lease, and amended her allegations about the Holden-English lease. The case was submitted to a jury on January 26, 1962.

In all of cross-plaintiff's pleadings about these five transactions, she complained that she had been defrauded by Pichinson's false representations about the cost of the oil and gas leases. We have stated in the

margin the full allegations with respect to the Holden-English lease.[1] The allegations concerning the other leases are similar.

Throughout the trial, cross-plaintiff affirmed and Pichinson denied that he told her what he had paid for the leases. It was her contention that he represented he paid large sums for them when in fact he had not. He contended that he was in the business of buying and selling oil leases and never disclosed to anyone the cost to him. The court submitted issues on each of the transactions, based upon that court-room battle. The issue for the Holden-English

1. "Cross-Defendant falsely and fraudulently and with the intent to deceive and defraud Cross-Plaintiff, represented to her that he had an opportunity to acquire oil, gas and mineral leases on approximately fifteen hundred (1500) acres of land in Atascosa County, Texas, known as the Holden-English Leases; that Cross-Defendant represented said leases to be exceedingly valuable oil, gas and mineral properties within proven territory with unlimited potentials and could be acquired by him for the sum of One Hundred Thousand ($100,000.00) Dollars, which was less than the true and actual value of said leases; that Cross-Defendant further represented that the leases were so valuable that he would acquire the full interest under said leases himself, but because of limited funds could only invest the sum of Twenty-Five Thousand ($25,000.00) Dollars of his own money in acquiring a one-fourth (¼) interest and prevailed upon Cross-Plaintiff, on the basis of said representations, to enter into an agreement with him for the purchase of the leases under the terms of which she would 'come in with him on the deal' and acquire a three-fourths (¾) interest in said leases for a total sum of Seventy Five Thousand ($75,000.00) Dollars; that because of the fact that Cross-Defendant was Cross-Plaintiff's attorney in whom she had the utmost confidence insofar as his ability, honesty and integrity was concerned, and completely relying upon the representations made by Cross-Defendant, Cross-Plaintiff paid to Cross-Defendant the sum of Sixty Two Thousand Five Hundred ($62,500.00) Dollars in her individual capacity for a five-eighths (⅝) working interest in said leases and the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars in her capacity as Trustee for Georgia B. Parr for a one-eighth (⅛) working interest in said leases; that thereafter, on the 15th day of October, 1954, Cross-Defendant, continuing his fraudulent scheme, falsely and fraudulently further represented to Cross-Plaintiff that he had paid the sum of One Hundred Thousand ($100,000.00) Dollars for the working interest under said leases by paying the sum of Twenty Five Thousand ($25,000.00) Dollars in cash for himself and the sum of Seventy Five Thousand ($75,000.00) Dollars from the Cross-Plaintiff, individually and in her capacity as Trustee for Georgia B. Parr, and delivered assignments to her."

"Defendant and Cross-Plaintiff amends Paragraph IX of Defendant's Third Amended Original Answer and Cross-Action and substitutes therefor the following:

" 'That all of the representations made by Cross-Defendant, John J. Pichinson, were false and were then and there known to be false, the knowledge of which fact was not acquired by Cross-Plaintiff until April 12, 1961; that, in particular, Cross-Defendant acquired an assignment of the entire working interest in said Holden-English leases for the sum of Seven Thousand Three Hundred Ninety Five ($7,395.00) Dollars after Cross-Plaintiff had deposited the sum of Seventy Five Thousand ($75,000.00) Dollars with Cross-Defendant to be used as payment for three-fourths (¾) of the working interest in said leases when actually the amount she should have paid was Five Thousand Five Hundred Forty Six and 25/100 ($5,546.25) Dollars, or three-fourths (¾) of Seven Thousand Three Hundred Ninety Five ($7,395.00) Dollars, all to Cross-Plaintiff's total damage in the sum of Sixty Nine Thousand Four Hundred Fifty Three and 75/100 ($69,453.75) Dollars, and being to her damage in her individual capacity in the sum of Fifty Seven Thousand Eight Hundred Seventy Eight and 10/100 ($57,878.10) Dollars and to her damage in her capacity as Trustee for Georgia B. Parr in the sum of Eleven Thousand Five Hundred Seventy Five and 65/100 ($11,575.65) Dollars; and that by reason of the fact that the action of the Cross-Defendant in perpetrating his fraudulent scheme upon the Cross-Plaintiff was wilful and malicious, she is entitled to exemplary damages in the additional sums of Five Thousand ($5,000.00) Dollars in her capacity as Trustee for Georgia B. Parr and Five Thousand ($5,000.00) Dollars in her individual capacity.' "

lease is set forth, and those about the other four transactions were similar:

"Do you find, from a preponderance of the evidence, that on or about the 13th day of October, 1954, John J. Pichinson represented to Thelma D. Parr that the purchase cost to them of the Holden-English leases would be $100,000?"

The jury answered all the issues for Pichinson, finding that he did not make the representations. Cross-plaintiff, Thelma D. Parr, then made a motion for judgment notwithstanding the verdict. She urged, for the first time, that the proof showed that Pichinson was her attorney, that he was a fiduciary toward her and her daughter, and that there is a duty of full disclosure by a fiduciary which his own testimony showed he had not met. The trial court apparently was of the opinion that this was a shift in the theory of trial and gave judgment upon the jury verdict.

 The judgment was correct because the pleadings, even though amended late in the trial, did not assert fraud based upon non-disclosure by a fiduciary. Instead they asserted in each of five transactions, that Pichinson was guilty of overt and affirmative misrepresentations. The pleadings put Pichinson on notice that he was charged with that kind of fraud and informed him of the nature of the evidence which he could expect to be produced against him. Missouri, K. & T. R. Co. v. Poole, 104 Tex. 36, 133 S.W. 239; 2 McDonald, Texas Civil Practice, § 5.05. During the trial, that was in fact the nature of the evidence produced against him. Until the verdict was returned, cross-plaintiff, Thelma D. Parr, construed her own pleadings to embrace affirmative acts and misrepresentations. From the beginning to the end of the trial, Thelma D. Parr was affirming and Pichinson was denying that

he had made misstatements of fact to her. It was not until after the verdict was returned that the contention was made that he failed to speak when he had a duty to do so. This was the opposite of what Mrs. Parr had been asserting. Ordinarily, the construction placed by the parties on their pleadings will be adhered to. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238.

In State of California Department of Mental Hygiene v. Bank of the S. W. National Association, Tex.Civ.App., 348 S.W.2d 731, the argument was whether a trustee had the power to pay funds for the support of a beneficiary. The California Department of Mental Hygiene had not pleaded fraudulent concealment, but sought to invoke it as a duty of the fiduciary without asserting it in its pleadings. The Court said, "Such was not raised in the plaintiff's pleading, was not before the Trial Court, and cannot be raised for the first time on appeal." The Supreme Court, in affirming, said the same thing. Tex., 354 S.W.2d 576, 581. Accord, Kousal v. Texas Power & Light Co., 142 Tex. 451, 179 S.W.2d 283; Moseley v. Texas & New Orleans R. Co., Tex.Civ.App., 346 S.W.2d 636; Cadmus v. Evans, Tex.Civ.App., 320 S.W.2d 176; 3 Tex.Jur.2d, Appeal and Error-Civil, §§ 371, 374.

 As stated in Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422, "The defendants had a right to assume that the case as made by the pleadings and testimony was the case and the only case they were called upon to defend and to prepare their defense accordingly."

Since there are no other points except those which present a factual theory not presented to the trial court and jury prior to verdict, we affirm the trial court's judgment.