A.J. MAXWELL, Appellant,

v.

Bennie Roy MASON, Guardian of the Person and Estate of Johnie Gaines, an Incompetent, Appellee.

No. 01-84-0282-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1984.

Rehearing Denied Dec. 20, 1984.

Lloyd L. Oubre, San Antonio, for appellant.

Michael J. Canon, Mance Michael Park, Davis, Durham & Canon, Huntsville, for appellee.

Before JACK SMITH, WARREN and BULLOCK, JJ.

## OPINION

JACK SMITH, Justice.

The main issue in this appeal is the jurisdiction of the district court to set aside a deed executed by a ward. The deed had been executed prior to the creation of the guardianship. In a jury trial, the grantor, Johnie Gaines, was found to be incompetent when the deed was executed, and the court ordered the deed set aside.

In 1979, Johnie Gaines was the owner of a piece of real estate located in Burleson County. He conveyed that property to the Rev. A.J. Maxwell in May, 1979, and in June, 1979, granted Rev. Maxwell a power of attorney.

In October, 1981, Johnie Gaines was declared an incompetent, and Bennie Roy Mason was appointed as his guardian. Mason then filed suit in January, 1982, in the district court of Burleson County seeking

to have the deed from Gaines to Maxwell set aside. He also requested that a constructive trust be placed upon the land, and that Maxwell be required to render an accounting for the proceeds he had received from the land.

In November, 1983, Maxwell filed a motion in the county court of Burleson County to set aside the guardianship of Johnie Gaines. When the contest to the guardianship was filed, the county court transferred the entire guardianship proceedings to the district court. The district court consolidated the guardianship proceedings with the action involving the conveyance of the land, but ordered a separate trial with respect to the conveyance of the land. A jury trial was held in the district court on all issues pertaining to the conveyance of the land, and the court, after considering the jury's answers to the issues, entered judgment that the guardian recover the tract of land conveyed by Gaines to Maxwell.

In his first and third points of error, the appellant, Maxwell, contends that the suit to set aside the deed was "incident to the estate" and therefore properly should have been filed in the county court and not the district court. Thus, he alleges that the district court did not have jurisdiction to set aside the deed.

In Burleson County, the county court is a constitutionally created court, while the district court is a statutory court. The Texas Constitution in article V, sections 8 and 16 (Vernon Supp.1984), defines the jurisdiction of the county and district courts with respect to probate matters. Section 16 states:

> The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law.

Section 8 states:

> The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators, and guardians, and for the transaction of all business appertaining to estates; and *original jurisdiction and general control over* executors, administrators, *guardians* and minors under such regulations as may be prescribed by law. (emphasis added).

In addition to the foregoing, section 8 also gives the district court jurisdiction over suits to try title to land.

Pursuant to the authority extended to it by the constitution, the Texas Legislature has more specifically defined the powers of county and district courts in probate matters. Section 4 of the Texas Probate Code states as follows:

> The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors and incompetents, grant letters testamentary and of administration and guardianship, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates. It may also appoint guardians for other persons where it is necessary that a guardian be appointed to receive funds from any governmental source or agency.

In section 5 of the Probate Code, the jurisdiction of the district and county courts, and also the statutory probate courts, is set forth. Since Burleson County has no statutory probate court, section 5(b) would apply in this case:

> (b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising

the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court, and it shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law. Upon resolution of all pending contested matters, the probate proceedings shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court.

The appellant contends that since section 5A(a) of the Probate Code grants the county court the authority to hear "all actions for trial of title to land incident to an estate", it is mandatory that all suits pertaining to an estate and involving trial to the title of land must be filed in the constitutional county court.

Section 5A(a) of the Probate Code states as follows:

(a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heir-ship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and *distribution of estates of wards and deceased persons.* (Vernon 1980). (emphasis added)

Although section 5A(a) does not use the verbiage of "guardian" or "guardianship", we are of the opinion that it was the intent of the legislature to include guardianships in that section, because in the last sentence of Section 5A(a) it refers to "estates of *wards* and deceased persons." Guardianship matters have long been considered probate matters. *Lesley v. Lesley,* 664 S.W.2d 437 (Tex.App.—Fort Worth 1984, no writ). Notwithstanding this fact, all matters incident to an estate are not within the jurisdiction of a constitutional county court or a statutory probate court. *Seay v. Hall,* 28 Tex.Sup.Ct.J. 9, 677 S.W.2d 19 (1984). In *Seay,* the Texas Supreme Court held that a statutory probate court has no jurisdiction over survival and wrongful death actions.

In view of the fact that the constitution and the Probate Code have both given concurrent original jurisdiction to constitutional county courts and to district courts, we are of the opinion that either of these courts had jurisdiction over the subject matter involved in the present case. To adopt the appellant's contention would require this court to reverse the judgment of the district court and to order this suit dismissed. The guardian could then file the same cause of action in the county court of Burleson County, and if a contest should be filed, the suit could then be transferred to the same district court which heard the instant proceeding. From the record before us it appears that the county court in Burleson County transfers all contested matters to the district court of that county. Thus, the new proceeding

**644**

would be identical to that now before this court. We perceive no reason to require this result.

 We further note that before a guardian may file a suit in a court other than that which created the guardianship, he must first obtain permission from the court which created the guardianship. *See* Tex.Prob.Code Ann. sec. 234(b) (Vernon 1980). Thus, in the instant case, we assume that the guardian sought and obtained permission from the county court before filing in the district court.

We hold that the provisions of section 5 of the Texas Probate Code gives the district court of Burleson County concurrent jurisdiction with the constitutional county court of Burleson County in probate matters involving title to land, and therefore, the district court had jurisdiction to hear the present case. The appellant's first and third points of error are overruled.

In his points of error two and four the appellant asserts that the county court should not, on its own motion, have transferred the guardianship proceedings to the district court because there was no "contested probate matter."

The record reflects that the County Court of Burleson County retained jurisdiction over the Mason guardianship until the appellant filed his contest to set aside the guardianship. At that time the guardianship was transferred to the District Court of Burleson County. Section 5(b) of the Probate Code authorizes such a transfer and we find no merit to the appellant's contention.

As for his contention that the district court should not have consolidated the guardianship proceedings with the suit to set aside the deed, we observe that trial courts have discretion to consolidate all actions involving a common question of law or fact pending before the court. Tex.R. Civ.P. 174. *See also Allison v. Arkansas Louisiana Gas Co.*, 624 S.W.2d 566 (Tex. 1981).

We further note that even if the district court erred in consolidating the two causes of action, the trial court severed the two causes of action for trial purposes, and a separate trial was had on all matters pertaining to the instant action to set aside the conveyance. Under these circumstances we perceive no harm to the appellant, and he has alleged none. The appellant's second and fourth points of error are overruled.

The judgment of the trial court is affirmed.