James T. CRAWFORD, Jr., et
al., Appellants,

v.

Gladys B. WILLIAMS, et al., Appellees.

No. 13-89-427-CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Sept. 27, 1990.

Daniel E. Hayes, Bay City, for appellants.

Gary L. McConnell, McConnell & Klement, Angleton, for appellees.

Before KENNEDY, BENAVIDES, and DORSEY, JJ.

OPINION

KENNEDY, Justice.

The sole issue in this appeal concerns the jurisdiction of the district court in a probate matter. Because we determine that the district court lacked jurisdiction, we do not reach all of appellants' points of error. *See* Tex.R.App.P. 90(a).

Suzanna Norris died testate on June 13, 1967. On March 18, 1968, her will was admitted to probate in the constitutional county court of Matagorda County, Texas.[1] Her will devised all of her real property to appellant Jones and was recorded as a muniment of title. On July 21, 1986, appellees (several heirs of Norris) filed an original suit in the district court. On July 20, 1988, appellees filed their first amended original petition (the live pleadings) specifically seeking: (1) a partition of approximately 145 acres of real property; (2) an accounting for the rents, royalties, and waste occasioned by appellants' possession of the 145 acres; (3) a declaration that Norris' will is null and void on the ground of forgery or undue influence of appellant Jones; and (4) a distribution of Norris' interest in the real property as if she had died intestate.

The case was tried to the court, and the court found that Norris had executed her will while subjected to appellant Jones' undue influence. As a result, the court set the will aside, determined heirship, partitioned the real property, and ordered an accounting.

■ Within their second point of error, appellants assert that the district court

---

1. Appellees argue that appellants have failed to introduce any evidence of an order admitting Norris' will to probate. Appellees fail to recognize, however, that they have judicially admitted these facts by affirmatively asserting them in their live pleadings. Appellees have waived any right to proof; the facts have been conclusively established. *See Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983); *Galvan v. Public Utilities Bd.,* 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ).

lacked jurisdiction over this matter. Jurisdiction is a fundamental requirement that cannot be conferred except by the Constitution or by an authorized statute. *See Boman v. Howell,* 618 S.W.2d 913, 915 (Tex. Civ.App.—Fort Worth 1981, no writ).

> '[T]he lack of jurisdiction of the Trial Court over either the parties or the subject matter of the suit is a question of fundamental error which can be raised at any time by this court of its own volition. This Court has both the authority and it is its duty to consider fundamental error apparent on the face of the record although not assigned, and the exercise by the Trial Court of jurisdiction where none existed is fundamental error.'

*Id.* (quoting *State v. Kingham,* 353 S.W.2d 915, 916–17 (Tex.Civ.App.—Austin), *rev'd on other grounds,* 361 S.W.2d 191 (Tex. 1962)). There are no preservation or briefing requirements imposed on a party when challenging a court's jurisdiction. Hence, appellants' failure to file either a formal plea to the jurisdiction or a motion to dismiss is insignificant.

Because Matagorda County does not have a statutory county court, the district court's probate jurisdiction would have been conferred through the following statute (in effect at the time of the filing of the suit):

> [A]ll applications, petitions and motions regarding probate, administrations ... *shall be filed* and heard *in the county court, except* that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding *transfer* such proceeding *to the district court,* which may then hear such proceeding *as if* originally filed in such court. *In contested matters transferred to the district court* in those counties, the *district court,* concurrently with the county court, *shall have the general jurisdiction* of a probate court, and it shall probate wills ... including the settlement, partition, and distribution of estates of deceased persons ... as provided by law. Upon resolution of all pending contested matters, the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court.

> . . . .

> All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.

Tex.Prob.Code Ann § 5(b), (d) (Vernon 1980) (amended 1987) (emphasis added).

■ Prior to appellees' filing suit in the district court, the county court had acquired and exercised original jurisdiction over Norris' estate by admitting her will to probate. Section 5(d) confers authority upon the court exercising original jurisdiction to hear all matters incident to the estate. *Thomas v. Tollon,* 609 S.W.2d 859, 860–61 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Matters incident to an estate includes those matters in which the controlling issue is the settlement, partition, or distribution of an estate. *Id.* at 861. It is uncontested that the constitutional county court of Matagorda County properly exercised original probate jurisdiction when Norris' will was originally probated in 1968. Appellees' cause of action filed in the district court involves a partitioning of Norris' estate. By exercising its original probate jurisdiction, the county court had obtained jurisdiction over both Norris' estate and the partition suit, a matter incident to the estate.

Courts should be permitted "to exercise that portion of the judicial power allocated to them unimpeded by the supervision of any other tribunal...." *Morrow v. Corbin,* 62 S.W.2d 641, 644 (Tex.1933). This principle of judicial noninterference should compel district courts to dismiss suits relating to the settlement of an estate. Because the county court had already acquired jurisdiction over Norris' estate, the district court should have deferred to the county court's jurisdiction. *Cf. Pullen v. Swanson,* 667 S.W.2d 359, 363–64 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Boman,* 618 S.W.2d at 916 (in which a statutory county court had acquired jurisdiction prior to the filing in district court); *Bell v. Hinkle,* 562 S.W.2d

35, 36 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (no administration of the estate was opened, thus jurisdiction of the county court was never invoked).

Even if it was determined that the county court had not retained jurisdiction of Norris' estate, our result would be the same. Under section 5(b), the district court obtains probate jurisdiction upon *transfer* of a contested matter from the county court. *See generally Novak v. Stevens*, 596 S.W.2d 848, 850 (Tex.1980).

> The legislature specifically assigned to the county courts the task of settling estates. The district courts, while they have concurrent jurisdiction *by way of the transfer mechanism,* should not use that jurisdiction to interfere with the county courts' express function.

Schwartzel and Wilshusen, *Texas Probate Jurisdiction: New Patches for the Texas Probate Code*, 54 Tex.L.Rev. 372, 385 n. 87 (1976) (emphasis added). Because there was never a transfer by the county court, the district court never obtained probate jurisdiction. *Cf. Maxwell v. Mason*, 682 S.W.2d 640, 642 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (in which the county court had previously transferred the proceedings to the district court).

■ A will contest is authorized by Tex. Prob.Code Ann. § 93 (Vernon 1980). Section 93 permits an interested party to contest, by the institution of a suit, a will admitted to probate. A section 93 attack on a probate decree is a direct attack upon the order admitting the will to probate. *Estate of Devitt*, 758 S.W.2d 601, 606 (Tex. App.—Amarillo 1988, writ denied). Because a probate decree is voidable and subject to attack, a section 93 direct attack is part of the original probate proceeding. *Id.* As appellees' cause of action involved a direct attack on the county court's order admitting Norris' will to probate, the district court was without jurisdiction to set aside Norris' will.

If the contest and resulting heirship determination had not been present in this suit, the district court clearly would have been within its jurisdiction to order a partition of the real property. Nonetheless, because the district court set aside Norris' will and proceeded to partition that portion of the real property devised under the will, we must sustain appellants' second point of error, insofar as it challenges jurisdiction.

The judgment is REVERSED and REMANDED to the district court for proceedings consistent with this opinion.