Stodder v. Evans 










WITHDRAWN





IN THE
TENTH COURT OF APPEALS
 

No. 10-92-016-CV

     JODY STODDER,
                                                                                              Appellant
     v.

     RANDALL E. EVANS, ET AL.,
                                                                                              Appellees
 

From the 82nd District Court
Falls County, Texas
Trial Court # 30,658
                                                                                                    

O P I N I O N
                                                                                                    

      Jody


 Stodder, plaintiff, appeals from a summary judgment entered by the district court of
Falls County in favor of the defendants, Randall Evans, individually, and in his representative
capacities, the Estate of Richard Stodder, Deceased, and the Richard Stodder Charitable
Foundation. We partially reverse the judgment with instructions to dismiss the will contest for
want of jurisdiction and partially reverse the judgment and remand the remaining causes of action
for trial.
      In 1984 the county court of Falls County admitted the will of Richard Stodder to probate. 
Jody Stodder, who claims to be Richard Stodder's only heir at law, alleged in a pleading filed on
June 20, 1991, in the Falls County district court that Richard Stodder had been declared mentally
incompetent in 1962 and that Randall Evans, the guardian of Stodder's person and estate in a
Harris County guardianship proceeding and independent executor of his will, knew Stodder lacked
testamentary capacity to execute the will. This pleading was apparently mailed to the county clerk
but was somehow filed in the district court instead. She also asserted that Evans intentionally
deceived her by misrepresenting that Richard Stodder was still alive and that, after learning of his
death, she diligently asserted her rights. In separate counts in the petition, Jody alleges causes of
action against Evans, individually and in his representative capacities, for fraud, constructive
fraud, breach of fiduciary duty, conversion, negligence and gross negligence, an accounting, and
imposition of a constructive trust and equitable lien on the estate's assets. Nowhere in the
pleading, however, does she request that the will be set aside because of fraud or lack of
testamentary capacity.
      The defendants moved for a summary judgment in the district court proceeding on the grounds
that: (1) Jody lacked standing to bring the suit, (2) her suit was barred by the two-year statute of
limitations, and (3) the suit was an impermissible collateral attack on the county court judgment
probating the will. The order granting the summary judgment does not specify the grounds on
which it was granted, which requires Jody to attack all the grounds on which it could have been
granted. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
      A will contest is a direct attack on the order admitting a will to probate and must be filed in
the original probate proceeding. Crawford v. Williams, 797 S.W.2d 184, 186 (Tex.
App.—Corpus Christi 1990, writ denied) (holding that the district court lacked original probate
jurisdiction to adjudicate a will contest filed in the district court when the constitutional county
court never transferred the probate proceeding to the district court). Unless the will contest is
transferred to the district court by the county court under section 5 of the Probate Code, the
district court never acquires probate jurisdiction to adjudicate it. Id.; Tex. Prob. Code Ann. §
5(b), (c) (Vernon Supp. 1993). Consequently, if the allegations in Jody's pleading can be
construed as a will contest, the summary judgment is void to the extent it purports to adjudicate
the will contest and must be reversed with instructions for the trial court to dismiss the will contest
for want of jurisdiction. Lack of jurisdiction is a fundamental error that can never be overlooked
by the court. Crawford, 797 S.W.2d at 185.
      If, however, the pleading does not allege a will contest, the district court would have
jurisdiction of the causes of action alleged. In that event, we must reverse the summary judgment
and remand the cause for a trial. This is because the defendants did not conclusively establish the
grounds for the summary judgment—lack of standing, limitation, and collateral attack—so as to
preclude Jody from asserting causes of action for fraud, constructive fraud, breach of fiduciary
duty, conversion, negligence and gross negligence. Randall Evans' statement in his affidavit, that
Richard Stodder was survived by a daughter "as far as I know," is too conclusory and speculative
to establish that fact as a matter of law. See Campbell v. Fort Worth Bank & Trust, 705 S.W.2d
400, 402 (Tex. App.—Fort Worth 1986, no writ). Jody objected to that portion of the affidavit
in the trial court. Thus, a fact issue remains of whether Jody Stodder is the only surviving heir
at law of Richard Stodder through her father, George Stodder. Nor did the defendants
conclusively establish an absence of fraud in the probate of the will so as to make the discovery
rule inapplicable or establish as a matter of law that, if the discovery rule applied, Jody did not
file suit within two years after she learned of the fraud. See Tex. Prob. Code Ann. § 93 (Vernon
1980). In fact, the defendants did not address the fraud allegations in their summary-judgment
proof. A fact issue thus remains on whether the suit was timely brought. Finally, because the
district court never acquired probate jurisdiction of the will contest, it could not declare it to be
a collateral attack on the county court's judgment probating the will. 
      The proper disposition of this appeal depends upon a construction of the pleading filed in the
district court. Using a liberal construction and indulging every reasonable intendment in Jody's
favor, as we must, we construe the pleading as asserting a will contest in addition to other causes
of action. See Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982). It contains explicit allegations
of lack of testamentary capacity, as well as allegations of fraud, deception, and misrepresentation
on Evans' part in probating the will in Falls County. What is missing is a specific averment or
request that the will be set aside on these grounds. If that averment can be supplied, then no
confusion of the pleader's intendment would exist. We can supply the missing averment by
inference because it is clearly implied by what is alleged. See id.; Webb County v. Board of
School Trustees, 95 Tex. 131, 65 S.W. 878, 879 (1901). 
      Construing the pleading as including a will contest harmonizes with the specific allegation that
heirs at law are determined at the time a will is set aside, with requests for a constructive trust and
equitable lien on the estate's assets, and with the prayer that the court order Evans to convey the
estate's assets to Jody as Stodder's sole heir at law. A constructive trust on and conveyance of
specific assets would be possible and necessary only if she were entitled to possession, and she
would have no right of possession unless the will were first set aside through a will contest. In
fact, the defendants asserted in their motion for a summary judgment that her request for
possession of the estate's assets is equivalent to requesting that the will be set aside. Moreover,
Jody's aborted attempt to file the pleading in the county court is consistent with the filing of a will
contest. See Parr v. Pichinson, 370 S.W.2d 941, 944 (Tex. Civ. App.—San Antonio 1963, writ
ref'd) (holding that the construction the parties placed on the pleading through their actions will
control).
      Based on this construction, the district court lacked jurisdiction to adjudicate the will contest
because the pleading was not filed in the county court and the county court never transferred the
original probate proceeding to the district court. See Crawford, 797 S.W.2d at 186. Therefore,
the summary judgment is void to the extent it purports to decide the will contest on the merits. 
See State v. Olsen, 360 S.W.2d 398, 399 (Tex. 1962). Under the circumstances, the only order
the district court could enter was to dismiss the will contest for want of jurisdiction, which would
leave the remaining causes of action pending in the district court. See City of Beaumont v. West,
484 S.W.2d 789, 791 (Tex. Civ. App.—Beaumont 1972, writ ref'd n.r.e.). Accordingly, we
sever the will contest from all other causes of action and reverse the summary judgment to the
extent it purports to determine the merits of the will contest. The trial court is directed to dismiss
the will contest for want of jurisdiction. See Tex. R. App. P. 80(c). We reverse the summary
judgment to the extent it purports to determine the merits of the remaining causes of action and
remand those causes for a trial. See id. at 80(b).
                                                             BOB L. THOMAS
                                                             Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Judgment partially reversed with instructions
and partially reversed and remanded
Opinion delivered and filed March 17, 1993
Publish
(WITHDRAWN 8-4-93)