**Jody STODDER, Appellant,**

v.

**Randall E. EVANS, et al., Appellees.**

**No. 10–92–016–CV.**

Court of Appeals of Texas, Waco.

Aug. 4, 1993.

Rehearing Denied Sept. 1, 1993.

Constance Y. Singleton, Morgan & Singleton, Houston, for appellant.

Boyd Mangrum, Ragland, Mangrum, Young & Swanton, Waco, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Jody[1] Stodder, plaintiff, appeals from a summary judgment entered by the district court of Falls County in favor of the defendants, Randall Evans, individually, and in his representative capacities, the Estate of Richard Stodder, Deceased, and the Richard Stodder Charitable Foundation. We will reverse the summary judgment.

In 1984 the county court of Falls County admitted the will of Richard Stodder to probate. Jody Stodder, who claims to be Richard Stodder's only heir at law, alleged in a pleading filed on June 20, 1991, in the Falls County district court that Richard Stodder had been declared mentally incompetent in 1962 and that Randall Evans, the guardian of Stodder's person and estate in a Harris County guardianship proceeding and independent executor of his will, knew Stodder lacked testamentary capacity to execute the will. This pleading was apparently mailed to the county clerk but was somehow filed in

the district court instead. She also asserted that Evans intentionally deceived her by misrepresenting that Richard Stodder was still alive and that, after learning of his death, she diligently asserted her rights. In separate counts in the petition, Jody alleges causes of action against Evans, individually and in his representative capacities, for fraud, constructive fraud, breach of fiduciary duty, conversion, negligence and gross negligence, an accounting, and imposition of a constructive trust and equitable lien on the estate's assets. Nowhere in the pleading, however, does she expressly request that the will be set aside because of fraud or lack of testamentary capacity.

The defendants moved for a summary judgment in the district court proceeding on the grounds that: (1) Jody lacked standing to bring the suit, (2) her suit was barred by the two-year statute of limitations, and (3) the suit was an impermissible collateral attack on the county court judgment probating the will. The court granted a summary judgment that Jody Stodder take nothing.

## JURISDICTION OF A WILL CONTEST

A will contest is a direct attack on the order admitting a will to probate and must be filed in the original probate proceeding. *Crawford v. Williams,* 797 S.W.2d 184, 186 (Tex.App.—Corpus Christi 1990, writ denied) (holding that the district court lacked original probate jurisdiction to adjudicate a will contest originally filed in the district court when the constitutional county court never transferred the probate proceeding to the district court). Unless the county court transfers the probate proceeding and the will contest to the district court under section 5 of the Probate Code, the district court never acquires probate jurisdiction to adjudicate the will contest. *Id.;* TEX.PROB.CODE ANN. § 5(b), (c) (Vernon Supp.1993).

## WAS A WILL CONTEST ALLEGED?

If the allegations in Jody's pleading can be construed as a will contest, then the district court lacked jurisdiction to determine

1. Although she spelled her first name "J–O–D–I" in a deposition, various pleadings filed on her behalf refer to her as "Jody." We use the spelling under which this appeal was docketed.

the merits of the will contest by a summary judgment. *See Crawford,* 797 S.W.2d at 186. Under those circumstances, the only order the district court could enter would be to dismiss for want of jurisdiction. *See City of Beaumont v. West,* 484 S.W.2d 789, 791 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Lack of jurisdiction is a fundamental error that can never be overlooked by a court. *Crawford,* 797 S.W.2d at 185. If, however, the pleading does not allege a will contest, then the district court would have jurisdiction of the causes of action alleged. In that event, we would consider the merits of the summary judgment.

## CONSTRUCTION OF PLEADING

■ Thus, the proper disposition of this appeal depends upon a construction of the pleading filed in the district court. Using a liberal construction and indulging every reasonable intendment in Jody's favor, as we must, we construe the pleading as asserting a will contest in addition to other causes of action. *See Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). It contains explicit allegations of lack of testamentary capacity, as well as allegations of fraud, deception, and misrepresentation on Evans' part in probating the will in Falls County. What is missing is a specific averment or request that the will be set aside on these grounds. If that averment can be supplied, then no confusion of the pleader's intendment would exist. We can supply the missing averment by inference because it is clearly implied by what is alleged. *See id.*

Construing the pleading as including a will contest harmonizes with the specific allegation that heirs at law are determined at the time a will is set aside, with requests for a constructive trust and equitable lien on the estate's assets, and with the prayer that the court order Evans to convey the estate's assets to Jody as Stodder's sole heir at law. *See Webb County v. Board of School Trustees,* 95 Tex. 131, 65 S.W. 878, 879 (1901). A constructive trust on and conveyance of specific assets would be possible and necessary only if she were entitled to possession, and she would have no right of possession unless the will were first set aside through a will contest. In fact, the defendants asserted in their motion for a summary judgment that her request for possession of the estate's assets is equivalent to requesting that the will be set aside. Moreover, Jody's aborted attempt to file the pleading in the county court is consistent with the filing of a will contest. *See Parr v. Pichinson,* 370 S.W.2d 941, 944 (Tex.Civ.App.—San Antonio 1963, writ ref'd) (holding that the construction the parties placed on the pleading through their actions will control).

## DISPOSITION

■ Based on this construction, the district court lacked jurisdiction to adjudicate the will contest because the pleading was not filed in the original probate proceeding in the county court and the county court never transferred the probate proceeding to the district court. *See Crawford,* 797 S.W.2d at 186. Therefore, the summary judgment is void to the extent it purports to adjudicate the merits of the will contest. *See State v. Olsen,* 360 S.W.2d 398, 399 (Tex.1962). The only order the district court could enter was to dismiss the will contest for want of jurisdiction. *See City of Beaumont,* 484 S.W.2d at 791.

■ Accordingly, we sever the will contest from the remaining causes of action and reverse the summary judgment in its entirety. We remand the will contest to the trial court with instructions to dismiss it for want of jurisdiction. The merits of the other causes of action alleged in the pleading necessarily depend upon the merits of the will contest. Because we believe the will contest and the other causes of action cannot be separated without unfairness to the parties, but must be treated as an inseparable whole, we likewise remand the remaining causes of actions to the trial court without any instructions. *See* Tex.R.App.P. 81(b)(1); *Cochran v. American Sav. & Loan Ass'n,* 586 S.W.2d 849, 850 (Tex.1979).

We do not discuss any authority cited by the parties because it pertains only to the merits of the summary judgment.

VANCE, Justice, dissenting.

Because I do not interpret Jody's pleading as a "will contest" and because I believe that her claims are barred by the statute of limitations, I respectfully dissent.

I agree with the majority's statement that "nowhere in the pleading ... does [Jody] expressly request that the will be set aside because of [the] fraud or lack of testamentary capacity." However, after stating the relevant facts, the petition asserts that she is entitled to injunctive relief to preserve the status quo and asserts causes of action for fraud, breach of fiduciary duties, conversion, constructive fraud, and negligence and gross negligence. It further seeks an accounting, the imposition of a constructive trust on all property formerly owned by Richard Stodder and the income and proceeds of that property, attorney's fees, and costs. In alleging fraud, constructive fraud, and a conversion, the petition asserts that Richard Stodder lacked testamentary capacity and that the circumstances surrounding the execution of the will were suspicious; however, these allegations form the basis for the imposition of a constructive trust. This interpretation of the petition is consistent with the prayer, which asks for (1) temporary restraining orders, (2) a temporary injunction, (3) an accounting, (4) the imposition of a constructive trust, (5) an order requiring the constructive trustee to convey all of Richard Stodder's property to Jody, (6) costs of suit, and (7) attorney's fees.

When one fraudulently acquires title to property, equity will intervene by impressing a constructive trust in favor of the one who is entitled to it. *Batten v. Batten,* 497 S.W.2d 394, 398 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) (citing *Binford v. Snyder,* 144 Tex. 134, 189 S.W.2d 471 (1945)). A present right to possession is immaterial—that right is what Jody seeks to establish by her suit. Specific grounds for a contest of the will are immaterial because the suit seeks to avoid the effects of the probated will by the imposition of a constructive trust. *See id.* Thus, Jody's petition essentially asserts a right to a constructive trust, a claim within the jurisdiction of the District Court of Falls County.

Turning to the merits of the summary judgment, I would hold that Jody's claims are barred by the statute of limitations. Evans' summary judgment proof shows that Jody's alleged adoptive father, George Hammond Stodder, Jr., the relative through whom she claims to be the only heir-at-law of Richard Stodder, survived Richard by six and one-half years. During that time, he and he alone had the right to assert the claims now asserted by Jody. Because the time allowed for bringing the suit expired during George Jr.'s lifetime and because Jody did not allege facts that would avoid the effects of the statute's running against George, Jr. and produced no summary judgment evidence of any fact issue that would avoid the running of the statute, I would affirm the summary judgment.