**Opinion issued February 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00163-CV

———————————

### XIANGXIANG TANG, Appellant

### V.

### KLAUS WIEGAND, Appellee

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 13-DCV-211293

## MEMORANDUM OPINION

By four issues, Xiangxiang Tang asserts that the trial court erred in failing to enter a judgment that Klaus Wiegand have and recover nothing against Tang on a Texas Theft Liability Act ("Theft Act") claim, failing to award attorney's fees to

Tang as a successful party under the Theft Act, and denying Tang's motion for a new trial on the issue of attorney's fees.  We affirm.

## Background

This appeal concerns a partnership formed by Tang and Yvonne Tran—LTL Medspa, Inc. ("LTL").  Following an ongoing dispute between Tang and Tran, Tang filed suit against Tran, LTL, and Tran's boyfriend, Wiegand, claiming liability for breach of contract, quantum meruit, unlawful shareholder oppression, breach of fiduciary duty, civil conspiracy, theft of property under the Theft Act, unjust enrichment, fraud, and fraudulent inducement.  Tang sought relief including temporary and permanent injunction, dissolution of the partnership, actual and punitive damages, disgorgement of benefits improperly received by Tran, declaratory and equitable relief, and reasonable and necessary attorney's fees.

At the time of the jury trial, the live defensive pleading was Tran, Wiegand, and LTL's jointly filed third amended original answer and counterclaim.  That pleading introduced the parties' counterclaims as follows:

> NOW, FURTHER PLEADING, COME Counter-Plaintiffs Yvonne Tran, LTL MedSpa, Inc. and Klaus Wiegand, who make and file the following Counterclaim complaining of Counter-Defendant Xiangxiang Tang and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows: . . .

The pleading goes on to raise eight counterclaims, each stated under a discrete heading: (1) breach of contract; (2) Texas Theft Liability Act; (3) conversion;

2

(4) breach of fiduciary duty; (5) money had and received; (6) common law fraud by intentional misrepresentation and failure to disclose; (7) negligent misrepresentation; and (8) liability for tax deficiencies.

The Theft Act claim is stated through the following three paragraphs, one of which refers to "Counter-Plaintiffs," but none individually mention Wiegand:

**F. COUNT TWO – TEXAS THEFT LIABILITY ACT**

18.    Counter-Plaintiffs reiterate the above and foregoing facts and allegations and incorporate them by reference herein.

19.    Tang has committed theft by unlawfully appropriating money rightfully belonging to Tran and/or LTL by using LTL funds to make purchases for her personal use and by otherwise using LTL funds to pay personal bills and acquaintances. Tang's unlawful appropriation of money rightfully belonging to Tran and/or LTL was committed with intent to permanently deprive Tran and/or LTL of the money.

20.    Accordingly, pursuant to Texas Civil Practices & Remedies Code §§ 134.001, *et seq.*, Tang is liable for all damages resulting from her theft, including but not limited to actual damages and additional damages awarded by the trier of fact in a sum not to exceed $1,000.00.

Only Tran submitted a question to the jury on the Theft Act claim, asking the jury to find that Tang unlawfully appropriated money from Tran with the intent to deprive her of it.  The jury unanimously answered "no."  The jury further found as follows: (1) Tang complied with both the partnership agreement and her fiduciary duty to Tran, and Tang owed no money to Tran; (2) Tran, however, failed to comply with the partnership agreement and breached her fiduciary duty to Tang;

3

(3) $155,200 would fairly and reasonably compensate Tang for her loss resulting from Tran's wrongful conduct; (4) Tang's reasonable and necessary attorney's fees totaled $55,165.88; and (5) Wiegand was part of a conspiracy that damaged Tang, but no damages were owed to Tang.

On September 16, 2014, the trial court entered final judgment. Relevant to this appeal, the final judgment provides that Tang take nothing on her conspiracy claim against Wiegand; that Tran take nothing on breach of contract, breach of fiduciary duty, money had and received, and Theft Act claims against Tang; and that Tang recover $155,200 in damages and $55,165.88 in attorney's fees from Tran for breach of contract. The final judgment adjudicates no claims raised by Wiegand against Tang. Tang subsequently moved for a new trial against Wiegand, and the motion was denied by operation of law.

## Issues Presented

On appeal, Tang presents the following issues for review:

(1) Did the trial court err in failing to enter judgment that Wiegand have and recover nothing against Tang on a Theft Act claim?

(2) Did the trial court err in failing to award attorney's fees to Tang for successfully defending against Wiegand's Theft Act claim?

(3) Did the trial court have sufficient evidence to render an attorney's fee award against Wiegand under the Theft Act?

(4) Did the trial court err in denying Tang a new trial on the issue of attorney's fees?

4

**Theft Act Claim**

In her first issue, Tang contends that the trial court erred in failing to enter a judgment that Wiegand have and recover nothing against Tang under the Theft Act. Wiegand responds, in part, that he raised no such claim. We agree with Wiegand.

**A.     Standard of Review**

The issue of whether a pleading states a claim is a question of law which we will review de novo. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015).

**B.     Applicable Law**

Pursuant to Rule 45 of the Texas Rules of Civil Procedure, "[a]ll pleadings shall be construed so as to do substantial justice." TEX. R. CIV. P. 45. In the absence of a special exception, we liberally construe a pleading in favor of the pleader, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97 (Tex. 2000), and in a manner consistent with the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "[W]hile a pleading must be construed as favorably as possible to the pleader, the inference that a cause of action has been pleaded must be reasonable in light of what is specifically stated in the pleading." *Guevara v. Lackner*, 447 S.W.3d 566, 582 (Tex. App.—Corpus Christi 2014, no pet.) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op.

5

on reh'g)).  Thus, liberal construction "does not require a court to read into a petition what is plainly not there." *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 199 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

In order to determine who a cause of action is raised against, we consider the petition as a whole.  *Blackard v. Fairview Farms Land Co., Ltd.*, 346 S.W.3d 861, 866 (Tex. App.—Dallas 2011, no pet.).  As a general rule, courts look to the substance of a document rather than to its title or designation to determine the relief sought, if any.  *Stroman v. Tautenhahn*, 465 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2015, pet. dism'd w.o.j.).  A valid pleading must include averments of all facts upon which the right to recover depends.  *Wilson v. Bloys*, 169 S.W.3d 364, 369 (Tex. App.—Austin 2005, pet. denied).  Otherwise, the pleading fails to state a cause of action and no valid judgment can be rendered thereon.  *Id.*; *see also* TEX. R. CIV. P. 301 (providing that the "judgment of the court shall conform to the pleadings"); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("A trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent.").

## C.    Analysis

Before considering whether the trial court erred in failing to enter judgment on a Theft Act claim raised by Wiegand, we must address Wiegand's argument

6

that no such claim was raised. Substantively, the allegations supporting the Theft Act claim in paragraphs 18–20 of the counterclaim relate only to Tran and LTL. The pleading provides no factual averments that would support the required elements for Wiegand to sustain a Theft Act claim against Tang—namely, the pleading does not allege that Tang committed theft against Wiegand. *See Wilson*, 169 S.W.3d at 369. Beyond the fact that the counterclaim was jointly filed, the substance of the document does not suggest that Wiegand intended to assert a Theft Act claim against Tang or that he had any factual basis to do so.

We further note that it appears Wiegand did not attempt to litigate a Theft Act claim against Tang during trial. *See Wortham*, 179 S.W.3d at 199 (construing allegations in pleadings as did the trial court and the parties); *Parr v. Pichinson*, 370 S.W.2d 941, 944 (Tex. App.—San Antonio 1963, writ ref'd) ("Ordinarily, the construction placed by the parties on their pleadings will be adhered to."). Nor does it appear that Tang attempted to defend against a Theft Act claim by Wiegand. *See id.* In providing testimony regarding attorney's fees, Tang's counsel testified that the "attorney's fees that [Tang is] seeking would only apply to the time that's segregated toward the breach of contract claim." Tang's counsel made no reference to any time spent prosecuting or defending a Theft Act claim. Wiegand did not submit a jury question on a Theft Act claim against Tang, and Tang entered no objection to such an omission from the charge. Thus, based both

on our construction of the substance of the pleading itself as well as the conduct of the parties during trial, we conclude that Wiegand did not plead or try by consent a Theft Act claim against Tang.

Accordingly, we conclude that the trial court did not err in failing to enter a judgment that Wiegand have or take nothing on a Theft Act claim against Tang. *Hartford Fire Ins. Co.*, 287 S.W.3d at 779–80. This conclusion obviates consideration of Tang's second and third points of error, each of which presumes Tang prevailed against a Theft Act claim raised by Wiegand.

We overrule Tang's first, second, and third points of error.

**Motion for New Trial**

In her fourth point of error, Tang contends that the trial court erred in denying her motion for a new trial with respect to an award of attorney's fees against Wiegand under the Theft Act. We review a trial court's denial of a motion for a new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules of principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Having concluded above that Wiegand did not assert or try by consent a Theft Act claim against Tang, we find no abuse of discretion in the

8

trial court's denial of Tang's motion for a new trial with respect to an award of attorney's fees against Wiegand.

We overrule Tang's fourth point of error.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.