**GENERAL REFRIGERATION SERVICE CO., Plaintiff-Appellant,**

v.

**The SITEMAN ORGANIZATION, INC., Defendant-Respondent.**

No. 49413.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 10, 1985.

---

Terry James Galganski, Clayton, for plaintiff-appellant.

Michael B. Stern, Clayton, for defendant-respondent.

KAROHL, Judge.

Plaintiff, heating and air conditioning contractor, sued defendant property owner on account for parts, material and repair services installed or rendered at three separate buildings, Park Tower, Lindell Terrace and 250 South Brentwood. Defendant admitted requesting the repair services but denied receiving any benefits from the attempted repairs in excess of payments previously made. Defendant counterclaimed on the theory of negligent repair of the air conditioning unit at Park Tower. At a de novo trial the court entered judgment for defendant on plaintiff's claim and for defendant on its counterclaim.

The court made findings of fact in regard to the air conditioning system and boiler at Park Tower only. It concluded that the boiler problem was never corrected although plaintiff charged an unpaid balance of $1,193.23 for the repairs; that the air conditioning repairs never provided defendant with a functioning system; that a new system would have cost $1500 at the time of the repairs; that plaintiff charged $3,084.48 for air conditioning repairs, $971.86 being for a new compressor which was installed by the plaintiff. The judg-

ment on the counterclaim was for the difference, $1500 minus $971.86 or $528.14. The trial court requested both parties to submit proposed findings and judgment.

The issue on appeal as framed by plaintiff-appellant is that findings 2, 3, 4, 6, 7 and 8 are not supported by the evidence. They were as follows:

FINDINGS OF FACT

2. Plaintiff is engaged in the refrigeration and boiler repair business and has rendered repair work for many years to the Park Tower Apartment Building owned and operated by Defendant.

3. From February 12, 1979, through December 18, 1979, Plaintiff was asked to perform certain services and to provide certain repairs on the boiler and air conditioner at the Park Tower Building. Plaintiff was asked to correct noisy vibrating pipes in the boiler system and to fix or replace an existing air conditioning system servicing a portion of the Park Tower premises.

4. As per Plaintiff's exhibits, it made approximately 11 service calls on the boiler problem and charged $1,193.23 for its services. The problem was never corrected.

5. As per Plaintiff's exhibits, it made approximately 12 service calls on the air conditioner problem and replaced the compressor unit. The unit kept burning out due to moisture in the system not removed when Plaintiff installed the new compressor, and due to the removal of overload circuits by Plaintiff and not replaced. Plaintiff never provided a functioning air conditioning system. The system has remained inoperable since the date of Plaintiff's repairs.

6. The Plaintiff has charged $3,084.48 for its repair services on the air conditioner. A new system to replace the existing system would have cost, at the time of the repairs, $1,500.00.

7. The Plaintiff did not perform satisfactorily the work it was requested to do in that it *failed to repair* or remedy

either the boiler or the air conditioning system.

8. At the time the repairs were made to the air conditioning system, the problem was diagnosed as a faulty compressor and the same was replaced at a cost of $971.86 as per Plaintiff's exhibit "B". All other portions of the system were left in operation by Plaintiff, and were, therefore, in good operating order. After the repairs, the system was completely inoperable. Defendant has, therefore, sustained damage in the sum of $528.14 ($1,500.00 [new system cost] minus $971.86 [cost of new compressor]). (emphasis ours)

In particular, appellant asserts:

1. Plaintiff made a submissible case by proving through the invoices admitted as exhibits and the testimony of witnesses that it performed as requested and that the charges were reasonable;

2. Defendant's only counter-evidence related to problems at Park Tower and were unrelated to boiler repairs at Lindell Terrace and 250 South Brentwood;

3. That the $1500 figure for a new air conditioning unit was unsupported because one of defendant's witnesses, an engineer, testified to the sum of $1800 but another defendant's witness, an operational manager, testified a replacement unit would have cost $1155.14 plus the cost of four hours labor to install;

4. That plaintiff is entitled to a judgment of $1,734.52 plus interest.[1] Plaintiff "concedes" that the evidence supports a judgment on the counterclaim but only in the amount of $183.28.

■ Our study of the record and the court's findings supports plaintiff's claim that defendant offered no contest on plaintiff's claim relating to materials and services rendered at Lindell Terrace (Exhibits D, E and F) and at 250 South Brentwood (Exhibits G and H). These invoices were admitted in evidence and there was neither cross-examination of plaintiff's witnesses nor defense evidence in opposition to these claims. Accordingly, unless the court makes a finding that plaintiff's evidence is not credible on the work done on these buildings the judgment for defendant on that part of the claim is wholly unsupported by the evidence and must be reversed and remanded. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The substance of the findings of fact make it doubtful that this part of the claim was separately considered although Paragraph 1 of the judgment was a general judgment for defendant on plaintiff's claim. In order that appropriate findings may be made on these issues by the trial court with the assistance of the parties, we remand for that purpose.

■ In all other respects, we find the judgment on the petition and the counterclaim supported by the evidence. There was evidence from defendant's witnesses to support Findings 2, 3, 4, 5, 6, 7 and 8 if confined to Park Tower. Witnesses testified that the attempted repairs on Park Tower failed and this evidence supports a finding that plaintiff's charges were of no value to the defendant in excess of what had already been paid before suit. The judgment on the counterclaim was in an amount somewhere between differing amounts presented by defendant's witnesses. Their testimony was admitted without objection and was probative. The decision of the trial court relating to the claim and counterclaim involving Park Tower is therefore supported by the evidence.

The judgment of the trial court on defendant's counterclaim and that part of plaintiff's claim relating to Park Tower (Invoice Exhibits A, B and C) is affirmed. The judgment in favor of defendant on plaintiff's claim relating to Lindell Terrace (Exhibits D, E and F) and 250 South Brentwood (Exhibits G and H) is reversed and remanded for findings and judgment consistent with such findings. The costs of

---

**1.** Plaintiff suggested a judgment to the trial court in the amount of $4,277.10 and interest of $1,881.46.

this appeal are assessed one-half against plaintiff-appellant and one-half against defendant-respondent.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.