Francisca Rodriguez GARZA, Lilia R. Guerra, Eusebia R. Corona, Petra R. Rodriguez, and Apolinar Rodriguez, Appellants,

v.

Olivia Olivarez RODRIGUEZ and Gabriel Rodriguez, Appellees.

No. 04–98–00919–CV.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Rehearing Overruled March 31, 2000.

final judgment of another court of equal jurisdiction, we affirm the trial court's order of dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed a declaratory action in the 229th District Court in Starr County to construe the previously probated will of their aunt Maria Lopez de Pena (hereinafter "Pena"), asserting that they are the legal owners of certain real property bequeathed in Pena's will. The property at issue consists of nine tracts of land, which have mineral interests. In their action, appellants also sought partition of the land to which they claim entitlement.

Pena's will, executed on January 22, 1943, provided in relevant part:

It is my will that all the rest and residue of my property, both real and personal and of any nature and kind whatsoever, and wherever situated of which I shall die seized and possessed, shall pass to and be vested in fee simple title to my nephew, Santiago Rodriguez, Jr., son of my sister Eusebia Lopez de Rodriguez, to be owned and enjoyed by him with God's and my blessings forever.... *But should he die without lawful issue of his body, then, and in that event, it is my will and wish that all of my aforesaid property shall pass to and be vested in fee simple in my sister, the said Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes.*

By this provision, Pena granted to Santiago a fee simple interest in her real property subject to a shifting executory interest in favor of Santiago's mother, Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes.

■ Pena died on June 1, 1956; her will was presented for probate the following week in the constitutional county court of Starr County. On July 29, 1957, an order of final probate settling, approving, and closing Pena's estate was entered in the county court.[1] With respect to Santiago's interest, it provided that:

charging the administrator and closing the

Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, for appellant.

Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, J.A. Tony Canales, Canales & Simonson, P.C., Corpus Christi, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

### OPINION

Opinion by: CATHERINE STONE, Justice.

Francisca Rodriguez Garza, Lilia R. Guerra, Eusebia R. Corona, Petra R. Rodriguez, and Apolinar Rodriguez (hereinafter collectively referred to as "appellants") appeal from a dismissal order from the 229th District Court of Starr County, dismissing their suit to construe a previously probated will for want of jurisdiction. Because a court is not permitted to interfere with the

---

1. After the county court entered its order dis-

[T]he remainder of the lands owned by Maria Lopez de Pena, including all funds in the bank, as well as all real estate and personal property were bequeathed and given to Santiago Rodriguez, Jr.....

The final probate order thus granted fee simple absolute title to the remainder of Pena's estate to Santiago; the final probate order did not account for the springing executory interest expressly stated in the will.

On October 19, 1984, Santiago died intestate, survived by his wife, Olivia Olivarez Rodriguez, and one adopted son, Gabriel Rodriguez. Because Santiago died without lawful issue,[2] appellants, Eusebia Lopez de Rodriguez's heirs, concluded that they became the legal owners of the real property Pena conditionally devised to Santiago through the 1943 will.

On July 8, 1986, appellants filed a declaratory action against Olivia Olivarez Rodriguez and Gabriel Rodriguez (hereinafter collectively referred to as "appellees") in the 229th district court of Starr County, asking the court to construe the will of Pena to declare them the legal and beneficial owners of Pena's property due to the springing executory interest, which they claim divested Santiago of his ownership. Appellants also requested the district court to partition the subject property among them. At the time of this filing, no probate matter concerning either Pena's estate or Santiago's estate was pending. On August 4, 1986, appellees filed a declaration of heirship in the county court at law of Starr County. That same day, appellees also filed in the district court their original answer and a motion to dismiss for lack of jurisdiction, which the trial court later granted.

## STANDARD OF REVIEW

Because a challenge to jurisdiction presents a question of law, we review the trial court's determination of subject matter jurisdiction de novo. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). In conducting our review, we take as true the facts plead in appellants' petition and determine whether the petition supports jurisdiction in the trial court. *See Hernandez v. Texas Workers' Compensation Ins. Fund,* 946 S.W.2d 904, 906 (Tex.App.—Eastland 1997, no writ); *North Alamo Water Supply Corp. v. Texas Dep't of Health,* 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied).

As noted, appellants requested the district court to construe the will of Pena to declare them the legal owners of the Pena's property due to the springing executory interest, which they claim divested Santiago of his ownership. In their petition, appellants also requested the district court to partition the subject property among them.

## ARGUMENTS ON APPEAL

Appellants argue that the district court erred in dismissing their suit to construe Pena's will because the district court has concurrent jurisdiction with the county court over matters "incident to an estate" when, as here, a probate matter is not pending in the county court. Construction of a will and issues of title are matters incident to an estate; thus, the district court had jurisdiction over the matters because the county court's probate jurisdiction had not been invoked. *Cf. Bank of Southwest, Nat'l Assoc. v. Stehle,* 660

---

estate, its jurisdiction over the proceeding ended, and it had no power to enter any further orders. *See* 17 M.K. Woodward & Ernest Smith, III, PROBATE AND DECEDENTS' ESTATES § 6 (Texas Practice 1971).

**2.** At the time Pena executed her will, adopted children were not presumed to be considered "children" of their adoptive parents in wills

executed by third persons, unless the intent to include adopted children was expressed in the will or apparent through circumstances surrounding the execution of the will. *Penland v. Agnich,* 940 S.W.2d 324, 325–26 (Tex.App.-Dallas 1997, writ denied) (citing *Hoch v. Hoch,* 140 Tex. 475, 481–82, 168 S.W.2d 638, 641 (1943)).

S.W.2d 572, 574 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.) (suit for title filed in district court while administration of estate was pending in probate court was properly dismissed because probate court had acquired exclusive jurisdiction over cause of action incident to estate). Appellants further assert that the district court had jurisdiction to act because their pleadings requested the imposition of a constructive trust. *See Pope v. Garrett,* 147 Tex. 18, 211 S.W.2d 559, 561–62 (1948).

Appellees counter that the trial court properly dismissed the underlying action because in counties such as Starr County, where there is a county court at law exercising the jurisdiction of a probate court, all probate matters shall be filed and heard in such courts and the constitutional county court, rather than in the district courts. *See* TEX. PROB.CODE ANN. § 5(c) (Vernon Supp.2000). Appellees note that in section 5(c) counties, district court jurisdiction may be invoked by a proper transfer or by pleadings that clearly set out a cause of action and request for relief which the county court at law exercising the jurisdiction of a probate court cannot provide. *See Palmer v. Coble Wall Trust Co. Inc.,* 851 S.W.2d 178, 180 n. 3 (Tex.1992). Appellees note that the instant case does not involve a transfer situation; thus, they contend the district court's jurisdiction could be invoked only if appellants sought relief which the probate court could not grant. Appellees further argue that because the county court previously acquired jurisdiction over Pena's estate, the district court would be without authority to consider an attack on the county court's probate order.

### DISCUSSION

County courts have the general jurisdiction of a probate court. *See* TEX. CONST.

art. V, § 16; TEX. PROB.CODE ANN. § 4 (Vernon Supp.2000). In most counties in Texas, the constitutional county courts ("county courts") act as the probate court.[3] As a probate court, county courts are empowered to:

> [P]robate wills, grant letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates.

TEX. PROB.CODE ANN. § 4 (Vernon Supp. 2000). Historically, a probate court did not have the power to construe provisions of a will or decide matters of title because such matters were considered outside the purview of probate matters; they were considered matters incident to an estate. *See Langehennig v. Hohmann,* 139 Tex. 452, 163 S.W.2d 402, 405 (Tex. Comm'n App.1942, opinion adopted); *see* Statute Note, *Probate Code Section 5: Jurisdictional Expansion Through Redefinition: Is It Constitutional?,* 37 Baylor L.Rev. 291, 294 (1985) (general discussion regarding history of probate jurisdiction prior to 1973). The construction of a will or issues of title were thus general civil matters within the jurisdictional reach of the district courts. *See* TEX. CONST. art. V, § 8 (district court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases were exclusive, appellate, or original jurisdiction may be conferred by constitution or other law on some other court, tribunal, or administrative body); *Benson v. Greenville Nat'l Exch. Bank,* 253 S.W.2d 918, 925 (Tex.Civ.App.-Texarkana 1952, writ ref'd n.r.e.).

■ In 1973, the county court's probate jurisdiction was expanded when the Legis-

---

**3.** A county court at law exercising probate jurisdiction is not a statutory probate court unless the court is designated a statutory probate court under the Government Code. TEX. PROB.CODE ANN. § 3(ii) (Vernon Supp.2000); *see also* TEX. GOV'T CODE ANN. § 25.0003(f) (Vernon Supp.2000). Starr County has one

statutory county court ("County Court at Law"), which has concurrent probate jurisdiction with the constitutional county court. *See* TEX. GOV'T CODE ANN. § 25.2161 (Vernon 1988). Starr County does not have a "statutory probate court." *See id.*

lature undertook a two-step reform of probate jurisdiction. Statute Note, *Probate Code Section 5: Jurisdictional Expansion Through Redefinition: Is It Constitutional?*, 37 Baylor L.Rev. 291, 294–95 (1985). First, it proposed an amendment to article 5, section 8 of the constitution authorizing a statutory revision of probate jurisdiction. *Id.* at 295–96. Second, to carry out the proposed constitutional mandate, it amended section 5 of the Probate Code. As amended, section 5 expanded the jurisdiction of the county court in probate matters to allow it the power to hear all matters incident to an estate, including, but not limited to, an action to construe a will. *See* TEX. PROB.CODE ANN. § 5(d) (Vernon Supp.2000). Section 5's clause "matter incident to an estate," however, will not create jurisdiction for the county court in the absence of a pending probate matter. *See Sumaruk v. Todd*, 560 S.W.2d 141, 144 (Tex.Civ.App.-Tyler 1977, no writ). Stated differently, before a matter can be regarded as incident to an estate over which the county court acting as a probate court would have jurisdiction, a probate proceeding must actually be pending. *See* 17 M.K. WOODWARD & ERNEST SMITH, III, PROBATE AND DECEDENTS' ESTATES § 6 (Texas Practice 1971) (West Supp.2000). As explained by the Supreme Court, a court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate matter proceeding related to such matter is already pending. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex.1993).

As noted, at the time appellants filed suit in the district court, no probate matter concerning either Pena's estate or Santiago's estate was pending. Appellants thus conclude that because a probate matter was not pending when appellants filed suit, and because appellants' suit concerns matters traditionally outside the scope of a probate court's jurisdiction, the district court had jurisdiction over the suit to construe the provisions of Pena's will. In support of this argument, appellants rely primarily upon *Crawford v. Williams*, 797 S.W.2d 184 (Tex.App.-Corpus Christi 1976, writ denied).

In *Crawford*, a will was admitted to probate in constitutional county court in 1968. *Crawford*, 797 S.W.2d at 184. In 1986, several heirs brought suit in the district court seeking a declaration that the will was null and void due to fraud, a partition of certain real property, an accounting of rents, royalties, and waste on the real property, and a distribution of the real property through the laws of intestacy. *Id.* The district court set aside the will, determined heirship, partitioned the real property, and ordered an accounting. *Id.* In sustaining a challenge that the district court lacked jurisdiction over the proceeding, the Corpus Christi Court of Appeals determined that because the county court had already acquired jurisdiction over the estate, and because the later action sought to set aside an already probated will, the district court, under the doctrine of noninterference, was prevented from exercising jurisdiction over the matter. *Id.* at 185–86. The fact that the action was a direct attack on the county court's order admitting the will to probate was compelling to the court. *See id.* at 186. The court also seemed to place much importance on the fact that under amended section 5 of the Probate Code, the county court would have the jurisdiction to hear the will contest. *See id.* at 185.

It is not clear from the facts of *Crawford* whether a final order of probate, which would close the estate and end the county court's jurisdiction over the proceeding, was entered. Appellants assume that the estate was not closed, and therefore argue that *Crawford* is consistent with the general rule that once the probate court has acquired jurisdiction over a probate matter, the district court lacks the power to act. They argue that since a probate matter was not pending in the instant case, the district court had jurisdiction to act.

At oral argument, appellants argued that *Gordy v. Alexander*, 550 S.W.2d 146 (Tex.Civ.App.-Amarillo 1977, writ ref'd

n.r.e), a case in which the Amarillo Court of Appeals determined that section 5 of the Probate Code did not divest the district court of jurisdiction to act in a suit to impose a constructive trust on assets of an estate where the will was previously probated, required reversal in the instant case. *Gordy,* 550 S.W.2d at 147–48.

 We disagree with appellants' argument and their reliance upon *Crawford* and *Gordy* in the instant case. In fact, our reading of *Crawford* requires a result different from the one sought by appellants. Our disagreement with appellants' argument lies not in their general explanation of Texas probate jurisdiction, which is, "to say the least, [a] somewhat complex [scheme]." *Palmer,* 851 S.W.2d at 180 n. 3. We agree that under the current statutory scheme of probate jurisdiction, a district court can exercise jurisdiction over a matter incident to an estate where no probate court has otherwise acquired jurisdiction over the estate. This is so because section 5 of the Probate Code does not grant the probate court exclusive jurisdiction over matters incident to an estate. *See* Tex. Prob.Code Ann. § 5(c), (d) (Vernon Supp.2000). This jurisdictional scheme, however, would not allow a court to interfere with the final judgment of another court of equal jurisdiction. Our disagreement with appellants' argument concerns this general principle of non-interference. *See Crawford,* 797 S.W.2d at 186.

 By this lawsuit, appellants seek a declaration that they are the legal and beneficial owners of Pena's property due to the springing executory interest contained in Pena's will. As previously noted, however, that future interest was not accounted for in the 1957 final probate order settling, approving, and closing Pena's estate. The final order, whether by mistake or design, unambiguously granted Santiago fee simple absolute title to the remainder of Pena's estate. That order was not challenged. The current action challenges the 1957 final probate order to the extent that appellants seek a construction of

Pena's will that is contrary to what was previously determined, correctly or incorrectly, by the probate court. A court is not permitted to interfere with the final judgment of another court of equal jurisdiction. *See Pursley v. Ussery,* 937 S.W.2d 566, 568 (Tex.App.-San Antonio 1996, no writ). An action to undo an incorrect former judgment must be brought in the court rendering the judgment or in a higher court. *Id.* at 567. Because the instant action seeks to undo the prior probate order, the district court properly determined it did not have jurisdiction. *See Crawford,* 797 S.W.2d at 186. Accordingly, we overrule appellants' points of error, and affirm the order of the trial court.