No. 04-00-00772-CV



Faraon SAENZ, et al.,


Appellants



v.



Oziel Amando SAENZ,


Appellee



From the 229th Judicial District Court, Jim Hogg County, Texas


Trial Court No. 4289


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice

 

Delivered and Filed: April 18, 2001


AFFIRMED


 This is an appeal of a trial court's order dismissing the underlying cause for lack of subject
matter jurisdiction. The trial court's order states, "the subject matter of this cause is incident to and
appertaining to the Estate of Jose Maria P. Saenz, which independent administration was pending in
the County Court of Jim Hogg County, Texas, at the time of the filing of this action in this court, and
is still pending in said County Court." The appellants raise several issues in their brief. Because we
conclude that the trial court properly dismissed the underlying cause for lack of subject matter
jurisdiction, we affirm the trial court's judgment. (1)

Procedural History


 Jose Maria P. Saenz executed a will in March of 1986. In 1987, 1988, and 1992, Jose
executed three deeds relating to real property also addressed in his will. Jose died in April of 1993,
and his will was admitted to probate in May of 1993. The appellee, Oziel Amando Saenz, was
appointed independent executor. In May of 1995, the appellants filed a lawsuit against Oziel in
district court asserting their right to the property conveyed by the deeds.

 Oziel filed a motion for summary judgment, claiming that the district court lacked jurisdiction
over the subject matter of the suit because of the probate pending in county court. The district court
agreed and dismissed the lawsuit for lack of subject matter jurisdiction in August of 2000. In
November of 2000, the appellants filed a motion in the pending probate proceeding in county court
to require an accounting, distribution of the will, and alternative removal of executor. The county
court responded by transferring the pending probate cause to district court.

Standard of Review


 "Because a challenge to jurisdiction presents a question of law, we review the trial court's
determination of subject matter jurisdiction de novo." Garza v. Rodriguez, 18 S.W.3d 694, 696 (Tex.
App.--San Antonio 2000, no pet.). "In conducting our review, we take as true the facts [pled] in
appellants' petition and determine whether the petition supports jurisdiction in the trial court." Id.


Discussion


 In their fourth amended petition, the appellants stated jurisdiction was proper in district court
because "these proceedings seek a recovery, a declaratory judgment of ownership, and a judgment
of partition awarding the Plaintiffs and others herein title and possession to land located in Jim Hogg
County, Texas ...." The appellants attach the three aforementioned deeds as exhibits to their petition.

 Article 5, section 8 of the Texas Constitution defines the jurisdiction of district courts as
consisting of "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies,
except in cases where exclusive, appellate, or original jurisdiction may be conferred by this
Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art.
V, § 8. "The probate code limits the jurisdiction of the district courts by conveying to other courts
exclusive jurisdiction over certain probate matters." Texas Commerce Bank-Rio Grande Valley, N.A.
v. Correa, 28 S.W.3d 723, 727 (Tex. App.--Corpus Christi 2000, pet. denied).

 Section 4 of the Texas Probate Code ("Code") provides that county courts shall have the
general jurisdiction of a probate court. See Tex. Prob. Code. Ann. § 4 (Vernon Supp. 2000).
Section 5(c) of the Code provides:

 In those counties where there is a statutory probate court, county court at law, or
other statutory court exercising the jurisdiction of a probate court, all applications,
petitions and motions regarding probate and administrations shall be filed and heard
in such courts and the constitutional county court, rather than in the district courts....


See Tex. Prob. Code. Ann. § 5(c) (Vernon Supp. 2000). Section 5A provides that "all actions for
trial of title to land" and "generally all matters relating to the settlement, partition, and distribution
of estates of deceased persons" are matters appertaining to and incident to an estate over which
probate courts have jurisdiction. See Tex. Prob. Code. Ann. § 5A (Vernon Supp. 2000).

 Title to the land conveyed both by Jose's will and by subsequent deeds is a matter
appertaining to Jose's estate. The jurisdiction of the Jim Hogg county court acting as a probate court
over such matters is exclusive while the estate administration is pending in that court. See Texas
Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d at 727; Herring v. Welborn, 27
S.W.3d 132, 140 (Tex. App.--San Antonio 2000, pet. denied); see also Herbst v. Sheppard, 995
S.W.2d 310, 313 (Tex. App.--Corpus Christi 1999, pet. denied) (rejecting any distinction based on
independent administration).

Conclusion


 The trial court properly dismissed the action filed in district court for lack of subject matter
jurisdiction. (2) The trial court's judgment is affirmed.



 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH
1. See Tex. R. App. P. 47.1 (court should only address issues necessary to final disposition of appeal).
2. We note that the subsequent transfer of the probate cause to district court does not affect this result because
the trial court did lack jurisdiction at the time it properly entered its order of dismissal. It appears that the claims
asserted in the district court lawsuit now could be asserted in a proper pleading filed in the probate cause now pending
in district court.