No. 04-01-00379-CV



Francisca Rodriguez GARZA, The Estate of Lilia R. Guerra, Deceased, Eusebia R. Corona,


Petra R. Rodriguez, and Apolinar Rodriguez,


Appellants



v.



Olivia Olivarez RODRIGUEZ and Gabriel Rodriguez,


Appellees



From the County Court at Law, Starr County, Texas


Trial Court No. PR-98-37


Honorable J.M. Alvarez, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 12, 2002 


REVERSED AND REMANDED

 The appellants appeal the trial court's order dismissing the underlying cause for lack of
jurisdiction. The appellants present two issues contending that: (1) the trial court erred in dismissing
the underlying lawsuit; and (2) this court should consider and grant appellants' partial motion for
summary judgment. We reverse the trial court's order and remand the cause for further proceedings
consistent with this opinion.

Factual and Procedural Background


 Maria Lopez de Peña ("Peña") executed a will on January 22, 1943. With regard to the nine
acres of land that are the subject of the underlying lawsuit, the will provided, in pertinent part:

 It is my will that all the rest and residue of my property, both real and personal and
of any nature and kind whatsoever, and wherever situated of which I shall die seized
and possessed, shall pass to and be vested in fee simple title on my nephew, Santiago
Rodriguez, Jr., son of my sister Eusebia Lopez de Rodriguez, to be owned and
enjoyed by him with God's and my blessings forever.... But should he die without
lawful issue of his body, then, and in that event, it is my will and wish that all of my
aforesaid property shall pass to and be vested in fee simple in my sister, the said
Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes, to be
enjoyed by her, or her said heirs together with God's and my blessings forever.


When Peña died, her will was admitted to probate in the constitutional county court of Starr County.
On July 29, 1957, that court entered a final order, stating with regard to the nine acres:

 And it further appearing to the Court that all of the remainder of the lands
owned by Maria Lopez Vda. de Pena, including all funds in the bank, as well as all
real estate and personal property were bequeathed and given to Santiago Rodriguez,
Jr., and all of the debts known to exist against said estate, with the exception of the
costs of Court in the closing of such estate, have been paid, it is therefore ordered,
adjudged and decreed by the Court that the said Santiago Rodriguez, Sr. and Trinidad
Rodriguez, as Executors of the Estate of Maria Lopez Vda. de Pena, deceased, pay
over and deliver all of the remainder of such property, including cash on hand, cattle,
personal property and all of the remaining estate held by them as described by such
will.

 Upon and when said property has been delivered to the said Santiago
Rodriguez, Jr. as hereinabove decreed, the said Santiago Rodriguez, Sr. and Trinidad
Rodriguez, Executors of the Estate of Maria Lopez Vda. de Pena, be and they are
discharged from their trust, and such estate be, and it is thereupon closed.

 The appellants filed the underlying lawsuit in the statutory county court of Starr County,
alleging that they are the lawful owners of the nine tracts of land as the children and heirs of Eusebia
Lopez de Rodriguez. The appellants sought to be declared the rightful owners of the land through
numerous causes of action and also sought a partition of the land. The appellants contend that they
are the owners of the land through a springing executory interest devised to them in the will of Peña
because Santiago Rodriguez, Jr. ("Santiago") died "without lawful issue of his body." The appellees
filed a motion to dismiss the appellants' lawsuit, contending that the lawsuit was a collateral attack
on the final order issued by the constitutional county court in 1957 that settled, approved, and closed
Peña's estate. The appellants responded that the 1957 order did not resolve the title matter raised
by the springing executory interest or, to the extent it can be read to so divest the appellants of that
title interest, the constitutional county court was without jurisdiction to resolve that matter, making
the 1957 order void.

 The trial court granted the motion to dismiss, and the appellants timely filed this appeal.

Partial Motion for Summary Judgment


 In their first issue, the appellants recognize that the trial court did not expressly rule on their
partial motion for summary judgment, but the appellants cite Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623 (Tex. 1996), to contend that this court should exercise "its discretion to decide the title
issue" raised in the motion. In Cates, the Texas Supreme Court held that in an appeal of a trial
court's ruling on a motion for summary judgment, the courts of appeals should consider all summary
judgment grounds that the trial court rules on and "may consider other grounds that the trial court
[did] not rule on in the interest of judicial economy." 927 S.W.2d at 625. Unlike Cates, this appeal
is from a trial court's order granting the appellees' motion to dismiss; therefore, the trial court never
considered any grounds raised in the motion for summary judgment. Even assuming that the Cates
decision gives us the discretion to consider the grounds raised in appellants' partial motion for
summary judgment in this context, we do not believe it would be "in the interest of judicial economy"
to exercise that discretion. Therefore, we do not address appellants' first issue.

Jurisdiction


 In their second issue, appellants contend that the trial court erred in dismissing the underlying
cause for lack of jurisdiction. The appellants contend that the trial court had jurisdiction to consider
the claims either because: (1) the resolution of such claims would not conflict with the 1957 probate
court order because the 1957 order did not divest the appellants of their springing executory interest;
or (2) to the extent the 1957 probate court order divested the appellants of their springing executory
interest, the probate court resolved a matter of title that was outside the purview of its jurisdiction,
rendering the probate court's order void and subject to collateral attack. See Browning v. Placke,
698 S.W.2d 362, 363 (Tex. 1985) (a judgment rendered by a court without subject matter jurisdiction
is void and subject to collateral attack in another court of equal jurisdiction). The appellees respond
that this court previously held in an earlier opinion that the only court with jurisdiction to consider
the appellants' claims was the constitutional county court that entered the 1957 order. See Garza
v. Rodriguez, 18 S.W.3d 694 (Tex. App.--San Antonio 2000, no pet.).

 A challenge to the trial court's subject matter jurisdiction presents a question of law that we
review de novo. Garza, 18 S.W.3d at 696. In Garza, we considered an appeal by the same
appellants in this case, and we affirmed the district court's dismissal of an action by the appellants
based on our conclusion that the appellants in that case were seeking to interfere with the 1957 order.
18 S.W.3d at 699. We did not address whether the 1957 order would be considered void and subject
to collateral attack to the extent that it resolved a matter of title beyond the constitutional county
court's jurisdiction in 1957. We also did not address the argument asserted by appellants in this
appeal that the 1957 order can be read consistent with the appellants' position that title became
vested in them based on the springing executory interest when Santiago died without lawful issue,
and, therefore, an order resolving title in that manner would not interfere with the 1957 order. (1)

 As we recognized in Garza, a probate court historically did not have the power to construe
provisions of a will or to decide matters of title. 18 S.W.3d at 697. Probate courts only acquired
jurisdiction to consider such matters in 1973, after the order was entered in the instant case. Id.
Therefore, when the constitutional county court entered its order in 1957, it did not have jurisdiction
to construe Peña's will to divest any party of any title interest. See Huston v. Cole, 162 S.W.2d 404,
405-06 (Tex. 1942) (explaining limited jurisdiction); Robinson v. Compton, 313 S.W.2d 550, 552
(Tex. Civ. App.--Eastland 1958, no writ) (questions as to property rights arising out of construction
of will's terms are not to be determined in a proceeding for the probate of a will and the mere
probating of a will is not final and conclusive as to its construction). Accordingly, the 1957 order
either must be read so as not to construe the will to resolve the title matter or, to the extent the 1957
order is read as divesting any party of any title interest, the order is void and was subject to collateral
attack in the underlying proceeding. 

 The only remaining question is whether the trial court, the statutory county court of Starr
County, otherwise had jurisdiction to consider the claims raised by the appellants. Section 25.2162
of the Texas Government Code provides that the trial court, as the county court at law in Starr
County, has concurrent jurisdiction with the district court in "controversies involving title to real
property." Tex. Gov't Code Ann. § 25.2162 (Vernon Supp. 2002). In addition, the trial court,
"concurrent with the [constitutional] county court, [has] the probate jurisdiction provided by general
law for county courts." Tex. Gov't Code Ann. § 25.0003(d) (Vernon Supp. 2002). Therefore, the
trial court had jurisdiction to resolve the title issue raised by appellants in their pleadings.

Conclusion


 Because the trial court had jurisdiction to resolve the underlying title issue, the trial court's
order is reversed, and the cause is remanded to the trial court for further proceedings consistent with
this opinion. Neither this opinion nor our earlier opinion in Garza should be read as any comment
on the manner in which the trial court should resolve the title issue.


 Catherine Stone, Justice

PUBLISH


1. In reaching our conclusion in Garza, we stated in dicta that the 1957 order granted Santiago fee simple
absolute title. 18 S.W.3d at 699. The focus of the opinion was on the district court's jurisdiction to interfere with the
final judgment of another court where no argument was made that the prior judgment was void. The dicta in that case
should not be relied upon as a determination that the constitutional county court's order construed the provisions of
the will regarding any springing executory interest or otherwise divested the appellants of that interest. As we also
noted in Garza, "the final probate order did not account for the springing executory interest expressly stated in the
will." 18 S.W.3d at 696.