NUMBER 13-04-551-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RONALD X. GORDON, Appellant,


v.



ESTATE OF QUINN B. 

GORDON, DECEASED, Appellee.

 


On appeal from the 23rd District Court of Wharton County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Ronald X. Gordon, appeals from an order from the 23rd District Court of
Wharton County, Texas, dismissing for want of jurisdiction his challenge to a February 11,
1981 order probating the will of Quinn E. Gordon. We affirm.

Background (1) 


 Appellant contends his case is "a bill of review case." On February 27, 2004,
appellant filed a pro se petition in the probate court in Wharton County to reopen the 1981
probate case of his father's uncle, Quinn E. Gordon. (2) Appellant is the sole heir of his
father, Burton Gordon, who died in 1988. (3) 

 In his petition, appellant contends the 1981 order should be set aside because it
misrepresents the location of his great-uncle's estate, residence, and place of death, and
the value of his estate. On May 3, 2004, appellant's case was transferred to the 23rd
District Court of Wharton County. On April 30, 2004, appellant filed a "Motion for
Interlocutory No-Answer Default Judgment," requesting judgment against "respondent,"
Cornell Godsey. (4) On July 12, 2004, the district court denied appellant's motion and
dismissed the case. (5) The order stated:

 The Court has received and considered Plaintiff's motion for
default judgment (the "Motion"). The Court has determined
that the Motion should be dismissed because Plaintiff is
requesting this Court to set aside a final judgment of the
Wharton County Probate Court, which this Court has no
jurisdiction to do.


 It is, therefore, ORDERED that the Motion is hereby DENIED;
and

 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
case is DISMISSED with prejudice.


 Costs are assessed against Plaintiff.


 SIGNED this the 12 day of July, 2004.


 This appeal ensued. (6)


Standard of Review


 Subject matter jurisdiction is a question of law that we review de novo. (7) In
conducting our review, we take as true the facts pled in appellant's petition and determine
whether the petition supports jurisdiction in the trial court. (8)

Analysis 


 Appellant's petition states that his request to set aside the 1981 probate court order
is "pursuant to Texas Probate Code Sect[ion] 93." (9) The petition states that the
"respondents," Lou Alice Godsey, Cornell Godsey, and Mildred Jones, "practiced fraud" on
the probate court by misrepresenting the location of the estate of appellant's great-uncle, 
his residence, place of death, and the value of his estate; by doing so, the "respondents"
deceived the court into issuing an order reflecting false information "to gain real property." 
According to appellant, because of the "fraud practiced on the court," the 1981 order
admitted a "phantom estate" to probate and failed to admit to probate the actual estate of
appellant's great-uncle. Appellant requests that the court "sanction" the "respondents" for
"maliciously filing false information" for the purpose of gaining the estate of appellant's
great-uncle. (10)

 In his brief, appellant argues that the district court has jurisdiction over his case
because the probate court did not have jurisdiction. According to appellant, the Wharton
County probate court did not have jurisdiction because appellant's great-uncle died in
Harris County, not Wharton County. Citing Middleton v. Murff, 689 S.W.2d 212, 213 (Tex.
1985) (per curiam), appellant argues there is "[a]n exception to the TRCP 329b(f)
requirement of a bill of review . . . in cases where the court rendering judgment had no
subject-matter jurisdiction."

 Section 93 of the probate code provides that within two years after a will is admitted
to probate, any interested person may institute suit to contest its validity, except that any
interested person may institute suit to cancel the will for forgery or other fraud within two
years after the discovery of such forgery or fraud. (11)

 

 "A pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure." (12) "On appeal, as at trial, the pro se
appellant must properly present its case." (13) The rules of appellate procedure require an
appellant's brief to contain "a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record." (14) In this case, appellant presents
only arguments that are neither clear nor concise. We have little latitude on appeal and
can neither remedy deficiencies in a litigant's brief nor supply an adequate record. (15)

 Appellant also has filed a motion requesting that this Court take "judicial notice" of
the First Court of Appeals' decision in Gordon v. Jones, 196 S.W.3d 376 (Tex.
App.-Houston [1st Dist.] 2006, no pet.). Appellant argues that the First Court's holding that
the district court had subject-matter jurisdiction over his trespass-to-try-title claim and
related claims for fraud and attorney misconduct "also appl[y] to this appeal under a bill of
review." In his motion, appellant "pleads that the trial court of Wharton County has
'dominant jurisdiction' in this bill of review cause over the contested Order issued by the
probate court of Wharton County . . . ." 

 The district court dismissed appellant's case on grounds that it had no jurisdiction
to set aside a final judgment of the Wharton County Probate Court. As noted, we must rely
on appellant's petition to determine if he alleged facts establishing the district court's
jurisdiction. (16) Appellant's petition stated it was "pursuant to" section 93 of the probate
code. Although the petition alleged fraudulent misrepresentation of certain information
regarding the death and estate of appellant's great-uncle, it did not allege any facts
concerning appellant's discovery of the alleged fraudulent acts. Accordingly, based on
appellant's petition, we conclude the district court did not err in concluding that the 1981
probate court's judgment was a final judgment over which it had no jurisdiction. We
overrule appellant's sole issue.

 We affirm the trial court's order of dismissal. 



 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum opinion delivered and filed 

this the 21st day of June, 2007.



 


 

 

 


 

 

 
1. For a more complete description of the procedural background pertaining to this and related matters,
see Gordon v. Jones, 196 S.W.3d 376 (Tex. App.-Houston [1st Dist.] 2006, no pet.). 
2. Appellant's petition is styled, Estate of Quinn E. Gordon, Deceased. Throughout this opinion, we
will refer to Quinn E. Gordon as appellant's great-uncle.
3. The record contains a January 21, 2004 judgment from County Court at Law No. 1 of Fort Bend
County, Texas, declaring appellant as the sole heir of his father, Burton Gordon. The county court's judgment
also finds that Quinn E. Gordon's will bequeathed one acre of property to Burton Gordon. 
4. The record contains no information identifying Cornell Godsey.
5. Appellant's brief states that the trial court held a hearing on his motion on July 6, 2004, but that no
transcript of the hearing was taken. 
6. No appellee's brief was filed in this case. 
7. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Garza v. Rodriguez, 18 S.W.3d
694, 696 (Tex. App.-San Antonio 2000, no pet.).
8. Garza, 18 S.W.3d at 696.
9. See Tex. Prob. Code Ann. § 93 (Vernon 2003). 
10. Neither appellant's petition nor his brief explains how the alleged misrepresentations of the
"respondents" resulted in their benefit or harmed appellant. 
11. See Tex. Prob. Code Ann. § 93 (Vernon 2003); In re Estate of Robinson, 140 S.W.3d 782, 801
(Tex. App.-Corpus Christi 2004, pet. denied); Crawford v. Williams, 797 S.W.2d 184, 186 (Tex. App.-Corpus
Christi 1990, writ denied). 
12. Green v. Kaposta, 152 S.W.3d 839, 841 (Tex. App.-Dallas 2005, no pet.). 
13. Id. 
14. Tex. R. App. P. 38.1(h). 
15. Green, 152 S.W.3d at 841. 
16. See Garza, 18 S.W.3d at 696.