

**MEMORANDUM OPINION**

No. 04-08-00230-CV

**ESTATE** of Santiago **RODRIGUEZ**, Jr., Deceased, By and Through its
Independent Administrator, Gabriel Rodriguez,
Appellant

v.

Apolinar **RODRIGUEZ**, et al.,
Appellees

From the County Court at Law, Starr County, Texas
Trial Court No. PR-86-19
Honorable Romero Molina, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  July 29, 2009

AFFIRMED

        Gabriel Rodriguez, as independent administrator of the Estate of Santiago Rodriguez, Jr.,

appeals the probate court's order granting appellees' motion to dismiss and holding that the Estate

of Santiago Rodriguez, Jr. is closed.[1] Gabriel argues the probate court erred in closing the independent administration of the estate in a manner that did not comply with the Texas Probate Code.

Santiago Rodriguez, Jr. died intestate in 1984 and Gabriel was appointed independent administrator of the estate. Thereafter, he failed to provide the court with, among other required items, any annual accountings of the estate. On October 7, 1988, the probate court issued the following notice to Gabriel's attorney in cause number PR-86-19:

> Please be advised that the Starr County Court-at-Law has set the above styled and numbered cause for "Status Report." The Court is interested in knowing why the estate has not been closed or when the estate will be closed. The Court is further interested in knowing why annual accounts of the estate have not been made available to the Court as mandated by the Texas Probate Code. If no one appears at the Status Report hearing **the case will be dismissed** for lack of prosecution and the Court **will declare the estate closed** by court decree. We have no other alternative. The Court does not wish to use the Code's Remedies. (Emphasis added).
>
> The hearing for "Status Report" in the above cause is set for Thursday, December 8, 1988 at 11:30 A.M.

The court's docket sheet notes that on December 8, 1988, "No one appeared for status report hearing. Case to be removed from active file. . ."

Gabriel did not pursue matters in cause number PR-86-19 until June 12, 2007, when he filed an original petition in trespass to try title in the probate case on behalf of the estate. The suit was filed a month before this court issued its opinion in *Garza III*, which affirmed the trial court's granting of summary judgment in favor of the appellees, holding that they are the true owners of the nine tracts of land. *See Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL 2116411, at *1 (Tex.

---

[1] This is the fourth time these parties have been before us regarding the same nine tracts of land. *See Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL 2116411 (Tex. App.—San Antonio July 25, 2007, pet. denied) ("*Garza III*"); *Garza v. Rodriguez*, 87 S.W.3d 628 (Tex. App.—San Antonio 2002, pet. denied); *Garza v. Rodriguez*, 18 S.W.3d 694 (Tex. App.—San Antonio 2000, no pet.).

App.—San Antonio July 25, 2007, pet. denied). Given the large amount of time that the estate had been inactive, the probate court ordered the parties to brief the issue of whether the estate was closed. After reviewing the briefs, and considering argument of counsel at a hearing on November 15, 2007, the probate court signed an order holding that the estate is closed and dismissing Gabriel's claims.

We cannot agree that the probate court abused its discretion in holding that the Estate of Santiago Rodriguez, Jr. is closed. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (appellate court reviews ruling on a motion to dismiss for want of prosecution for an abuse of discretion); *Christian v. Christian*, 985 S.W.2d 513, 514 (Tex. App.—San Antonio 1998, no pet.) (same). In 1988, Gabriel was warned that the probate case would be dismissed and the estate would be ordered closed if he did not appear at the status report hearing, and he failed to appear. Nineteen years later, Gabriel was again provided with the opportunity to be heard regarding the closing of the estate. He did not explain the need for further administration of the estate, nor did he give any reason for continuation of the independent administration. In light of the 1988 notice warning Gabriel that closure of the estate was imminent, and his subsequent failure to appear, we conclude the probate court did not abuse its discretion in holding that the estate is closed and dismissing the case. Accordingly, we overrule Gabriel's issues on appeal, and affirm the judgment of the probate court.

Phylis J. Speedlin, Justice