

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00092-CV

Gabriel **RODRIGUEZ** Sr., Individually, In All His Capacities, and In All His Common and Assumed Names; Gabriel Rodriguez Jr., In All His Capacities, and In All His Common and Assumed Names, and In His Capacity As Attorney in Fact for Gabriel Rodriguez Sr.,
Appellants

v.

Virginia **RODRIGUEZ**, Imelda Garza Saenz, Maria Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, Rosie Ownsby, Delia Rodriguez, Rudy Rodriguez, Estate of Filiberto Garza, and Josie (Fields) Rodriguez,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-22-282
Honorable Baldemar Garza, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: November 29, 2023

AFFIRMED

The underlying dispute over the same nine tracts of land (the "property") has lasted almost thirty-eight years and spawned four prior appeals to this court.[1] In one of the many lawsuits, the

---

[1] This is the fifth time these parties have been before us regarding the same nine tracts of land. *See Rodriguez v. Hilcorp Energy Co.*, No. 04-22-00615-CV, 2022 WL 17173385 (Tex. App.—San Antonio Nov. 23, 2022, pet. denied) mem. op.); *Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL 2116411 (Tex. App.—San Antonio July 25, 2007, pet. denied) (mem. op.); *Garza v. Rodriguez*, 87 S.W.3d 628 (Tex. App.—San Antonio 2002, pet. denied); *Garza v. Rodriguez*, 18 S.W.3d 694 (Tex. App.—San Antonio 2000, no pet.).

trial court rendered summary judgment in favor of appellees and decreed appellees' family were the true owners of the property. On appeal, this court affirmed the trial court's summary judgment. *Rodriguez v. Garza*, No. 04-06-00139-CV, 2007 WL 2116411, *6 (Tex. App.—San Antonio July 25, 2007, pet. denied) (mem. op.). In the suit underlying this appeal, Hilcorp Energy Company interpleaded unpaid royalties and royalty payments attributable to ownership in the property that it had been withholding. Appellees filed an answer in which they alleged they were the true owners of the property and they were entitled to the funds interpleaded by Hilcorp. Appellees later moved for summary judgment, which the trial court granted. In its summary judgment order, the trial court decreed, among other things, that appellees were the "true, sole, and lawful owners" of the property and that appellants and their family members "do not own any part of this real property." The judgment also enjoined appellants from taking certain action with regard to the property. Gabriel Rodriguez, Sr. and Gabriel Rodriguez, Jr. appealed.[2] We affirm.

## DISCUSSION

In their motion for summary judgment, appellees asserted res judicata barred every claim appellants litigated or could have litigated in the prior lawsuits. Appellees also asserted there was no evidence appellants have any ownership interest in the property because any potential property rights and claims by appellants were eliminated by various prior court decisions and deeds. The clerk's record on appeal does not contain a copy of any summary judgment response filed by appellants. The only appellant to file an appellate brief was Gabriel Rodriguez, Sr. (hereinafter, "Rodriguez"). The issues on appeal are that an attorney associated with appellees committed fraud, the 2005 and 2006 probate court rulings regarding the property amount to fraud and are void, the

---

[2] Appellants' pro se notice of appeal identifies Paul Celestine, also pro se, as an appellant. Nothing in the record on appeal indicates Celestine was a party to the underlying litigation or otherwise identifies his interest in this case. Therefore, we do not consider the pro se brief he filed.

2007 and 2009 opinions of this court are void, and "[t]he record shows that there has never been an interest of any kind [because Rodriguez] owns the land and all the people that [the attorney] represents are not heirs but just actors in a play." Rodriguez's brief does not contain a single citation to the record and he cites to irrelevant caselaw.

We review summary judgments de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "A party moving for traditional summary judgment must prove that no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023); TEX. R. CIV. P. 166a(c). "In comparison, a properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Id.*

"If the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper." *Id.* A genuine issue of material fact has been raised if reasonable and fair-minded jurors could differ in their conclusions considering all the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). In deciding whether a genuine issue precludes summary judgment, we must treat all evidence favorable to the nonmovant as true, indulge every reasonable inference, and resolve all doubts in its favor. *Id.* at 757. If a party moves for summary judgment on both traditional and no-evidence grounds, as appellees did here, we first consider the no-evidence motion. *Merriman*, 407 S.W.3d at 248. If the nonmovant fails to overcome its no-evidence burden on any claim, we do not address the traditional motion to the extent it addresses the same claim. *Id.*

For a no-evidence motion to be sufficient under Texas Rule of Civil Procedure 166a(i), the motion must specifically state the element or the elements of the nonmovant's claims for which

there is no evidence. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017); TEX. R. CIV. P. 166a(i). "If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue before the trial court." *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.). "Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i)." *Id.* Generally, the failure to respond to a no-evidence summary judgment motion is "fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion." *Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Here, appellees' no-evidence motion specifically identified the element relevant to any claim appellants have to the property or to the interpleaded funds—the lack of an ownership interest in the property. The motion was, therefore, sufficient to shift the burden to appellants. The clerk's record in this appeal does not contain a response, if any, by appellants to appellees' motion for summary judgment. Therefore, we do not know what arguments appellants made, and what evidence, if any, appellants submitted to demonstrate that appellees were not entitled to summary judgment. Appellants' failure to include their summary judgment response, if one was filed, requires us to presume that pleading would support the trial court's ruling. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990) (affirming summary judgment when affidavit filed in support of same was not included in appellate record); *Sung Sik Choi v. Juggernaut Transp., Inc.*, No. 05-16-01386-CV, 2017 WL 2729907, at *2 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.) (presuming omitted response to no-evidence motion for summary judgment supported trial court's judgment where appellants appealed from the trial court's order granting a no-evidence motion for summary judgment but did not include their response to the motion for

summary judgment in the clerk's record); *Habanero, Inc. v. Schweitzer*, No. 14-11-00339-CV, 2012 WL 19671, at *1 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, no pet.) (mem. op.) (presuming summary judgment motions supported trial court's judgment where appellant failed to include his response to the summary judgment motions in the clerk's record).

Because appellees' no-evidence motion met the requirements of Rule 166a(i) and appellants did not file a response, the trial court was required to grant a no-evidence summary judgment in favor of appellees. *See Imkie*, 326 S.W.3d at 343; TEX. R. CIV. P. 166a(i) ("The court must grant the [no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Appellants failed to produce any evidence under their burden; therefore, we need not analyze whether appellees' summary judgment evidence satisfied the traditional summary judgment standard. We therefore hold the trial court properly rendered summary judgment in favor of appellees.

As for that portion of the trial court's order that enjoined appellants from taking certain actions and that portion enforcing prior judgments, we again note the inadequacy of Rodriguez's brief. An appellant's brief must concisely state all issues presented for review and must contain a clear, concise argument for the contentions made, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). We hold Rodriguez's brief is inadequate as to any complaint regarding these portions of the judgment; therefore, presenting nothing for our review.

## CONCLUSION

We affirm the trial court's Final Judgment, Permanent Injunction, Order Enforcing Prior Judgments, and Severance.

Lori I. Valenzuela, Justice